QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
Charlesverhoeven@quinnemanuel.com
David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
James Judah (Bar No. 257112)
jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Duane Lyons (Bar No. 125091)
duanelyons@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff Faraday&Future, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FARADAY&FUTURE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EVELOZCITY, INC.,<br><br>Defendant. | Case No. 2:18-CV-00737-DMG<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br>Hearing Date: April 27, 2018<br>Time: 9:30 a.m.<br>Courtroom: 8C, 8th Floor<br>Judge: Hon. Dolly M. Gee |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** Plaintiff Faraday&Future, Inc. ("Plaintiff" or "FF") hereby seeks leave to file a 6-page Sur-Reply to Defendant EVelozcity Inc.'s ("Defendant" or "EVelozcity") Motion to Compel Arbitration of, and to Stay, Trade Secret Claim. This motion is made following conference of the parties beginning on March 19, 2018, including telephonic conferences of counsel by telephone on March 21 and 22, pursuant to Local Rule 7-3. *See* Declaration of James D. Judah ("Judah Decl."), ¶¶ 3-5 and Ex. B. In response to FF's inquiry, EVelozcity indicated that it would not oppose FF's motion for leave to file a Sur-Reply on the issue of agency, but that it opposed FF's motion for leave as to any other issues raised in EVelozcity's reply.   it

Plaintiff's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all other documents in the Court's file, any matters of which the Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

DATED: March 26, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By:   */s/ Charles K. Verhoeven*
Charles K. Verhoeven
David A. Perlson
James Judah
50 California Street, 22nd Floor
San Francisco, California 94111-4788

Duane Lyons
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

*Attorneys for Plaintiff*
*Faraday&Future, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Faraday&Future, Inc. ("FF") respectfully moves this Court for an order granting it leave to file a 6-page Sur-Reply Memorandum of Law in Support of Its Opposition to Defendant's Motion to Compel Arbitration ("Sur-Reply"). A copy of FF's proposed Sur-Reply is attached hereto as Exhibit 1.

## STATEMENT OF FACTS

On February 20, 2018, Defendant EVelozcity, Inc. ("EVelozcity") responded to FF's complaint by filing a 12-page Motion to Compel Arbitration of, and to Stay, Trade Secret Claim ("Motion to Compel"). Dkt. No. 18. EVelozcity cited nine cases in its Motion to Compel. But it conspicuously did not mention *Waymo LLC v. Uber Technologies et al.*, even though – as Waymo pointed out in its Opposition to the Motion to Compel – EVelozcity's counsel was counsel of record in *Waymo* and the *Waymo* case is clearly relevant here as it involved a motion to compel arbitration based on California's doctrine of equitable estoppel and analogous facts, which the Federal Circuit addressed in affirming the district court's decision. *See* Opposition (Dkt. No. 26) at 2.

In its Reply Brief In Support of Motion to Compel Arbitration ("Reply") – which is longer than its original motion – EVelozcity devoted over three pages (out of 15) to addressing the *Waymo* case. Reply (Dkt. No. 33) at 6-8. EVelozcity additionally raised seven new cases that had not been cited in the opening brief, including *CardioNet, LLC v. InfoBionic, Inc.*, to which EVelozcity dedicated four pages of discussion in its own section. *Id.* at 8-11 (Section II.C., "*CardioNet* Is Persuasive Authority Here"). EVelozcity also added an entirely new agency theory

to support its arbitration argument.[1]  *Id.* at 13-14 ("EVelozcity's Motion Should Also Be Granted Under Agency Doctrine.").

Given that EVelozcity raised new cases, issues, and theories in its Reply, FF asked EVelozcity to stipulate that FF may seek leave to file a Sur-Reply in support of its Opposition.  Judah Decl., Ex. B.  On March 21, 2018, counsel for the parties held a telephonic conference, during which EVelozcity indicated it would only agree to FF filing a 3-4 page Sur-Reply limited to EVelozcity's agency theory.  *Id.* ¶ 4.  EVelozcity would not agree to any further briefing on the other new cases and issues raised in its Reply, such as the discussion of *Waymo*, *CardioNet*, or *Garcia v. Kakish* (*Kakish I*), even after further efforts to meet and confer on March 23.  *Id.* ¶ 5.  Accordingly, FF moves for leave to file a 6-page Sur-Reply on these issues.

## LEGAL ARGUMENT

Although the Local Rules of the Central District do not provide for a Sur-Reply, this Court has the inherent authority to control its docket.  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  A Sur-Reply is necessary here because EVelozcity has raised new issues and arguments in its Reply.  As an initial matter, these new issues and arguments should not be considered at all.  *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).  To the extent the Court considers EVelozcity's new assertions and arguments, however, FF should be permitted to respond.  *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th

---

[1]  EVelozcity's stated excuse for raising the agency issue in its Reply is that FF amended its complaint.  However, the amendment of the complaint has no logical connection with EVelozcity raising its agency argument so late.  Nothing in the amended complaint touches upon agency issues.  EVelozcity could have raised this issue in its opening brief, but failed to do so.

Cir. 2003) (a court may only consider new argument or new evidence raised in reply if the adverse party is given an opportunity to respond).[2]

FF's Sur-Reply is narrowly tailored to address the new issues and arguments that EVelozcity raised in its Reply.

### 1. EVelozcity Agrees FF Can File a Sur-Reply on Agency Argument

EVelozcity's Reply raised a new purported basis for compelling arbitration, the "agency exception theory."[3] Reply at 13-14. FF should have the opportunity to demonstrate that the agency exception does not apply here. EVelozcity has agreed that FF should be permitted to file a 3-4 page Sur-Reply on this issue. Judah Decl., Ex. B.

### 2. EVelozcity Opposes FF Addressing Any Other Issues in Sur-Reply

EVelozcity, however, opposes FF's request to address the other new issues raised in EVelozcity's Reply. But FF should have the opportunity to respond to these new arguments and cases, which should have been raised in EVelozcity's motion.

Despite its obvious relevance to this case, EVelozcity seeks to distinguish the *Waymo* case for the first time in its Reply. *See* Reply at 2, 6-8. Had EVelozcity made these arguments in its opening brief, FF would have had an adequate opportunity to respond. Instead, by waiting to address the *Waymo* case in its Reply,

---

[2] *See also Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) (finding "late-raised argument forfeited" because the Ninth Circuit "do[es] not consider issues raised for the first time in reply briefs"); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (internal quotation marks and citations omitted).

[3] In its opening brief, EVelozcity had argued that a motion to compel arbitration was appropriate under a single theory – equitable estoppel.

EVelozcity tactically deprived FF the chance to challenge EVelozcity's faulty arguments and to demonstrate that *Waymo* applies here.

Additionally, in its Reply EVelozcity cited to and discussed seven new cases: *CardioNet*, *Coast Plaza Doctors Hosp.*, *Pexco*, *Kakish I*, *Kakish II*, *Marenco*, and *Rogers*. For example, EVelozcity devoted an entire section of its Reply to discussing how *CardioNet* is persuasive authority under California's equitable estoppel doctrine. *See* Reply at 8-11. But EVelozcity does not explain why it elected to hold back this supposedly analogous case (which was raised in the *Waymo* briefing, and which EVelozcity's counsel does not deny it was aware of in its capacity as counsel of record for Defendant Otto Trucking in that case) until Reply. As discussed above with respect to *Waymo*, EVelozcity's failure to discuss *CardioNet* until its Reply is a form of sandbagging that – absent a Sur-Reply - prevents FF from adequately responding to EVelozcity's erroneous arguments. The same is true for the other newly cited cases – including *Kakish I* (*see* Reply at 1 and 4) – all of which could, and should, have been cited in EVelozcity's opening brief.

Accordingly, FF seeks leave to file a short Sur-Reply respond to EVelozcity's new arguments with respect to the agency exception, *Waymo*, and the other previously undisclosed cases and arguments such as *CardioNet* and *Kakish I*.

## CONCLUSION

For the foregoing reasons, FF respectfully requests that its motion be granted in its entirety and that it be granted leave to file its proposed Sur-Reply.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  March 26, 2018 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By: _____/s/ Charles K. Verhoeven_____ |
| 6 | | Charles K. Verhoeven<br>David A. Perlson |
| 7 | | James Judah<br>50 California Street, 22nd Floor |
| 8 | | San Francisco, California 94111-4788 |
| 9 | | Duane Lyons<br>865 South Figueroa Street, 10th Floor<br>Los Angeles. California 90017 |
| 10 | | |
| 11 | | *Attorneys for Plaintiff*<br>*Faradav&Future. Inc.* |