# E*XHIBIT* AA

# E*XHIBIT* AA



Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
601 S Figueroa Street
41st Floor
Los Angeles, CA 90017

goodwinlaw.com
+1 213 426 2500

March 15, 2018

**VIA E-MAIL (CHARLESVERHOEVEN@QUINNEMANUEL.COM)**

Charles K. Verhoeven, Esq.
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re:   **Faraday & Future, Inc. v. EVelozcity, Inc.**
      **U.S.D.C. Central District Cal. Case No. 18-CV-00737**

Dear Mr. Verhoeven:

We write today to express our grave concerns about Quinn Emanuel's very recent appearance as substitute counsel for Faraday & Future, Inc. ("FF") in the above matter. Quinn Emanuel has a serious, nonwaivable conflict that precludes representation of FF in this matter. Pursuant to California Rule of Professional Responsibility ("CRPR") 3-310(E), EVelozcity demands that Quinn Emanuel immediately withdraw as counsel for FF.

EVelozcity, Inc. ("EVelozcity") had substantive and in-depth discussions with your firm regarding the very issues raised by FF's complaint and FF's arbitration demand. EVelozcity provided privileged and confidential information directly related to this case during those discussions. EVelozcity also spoke to Quinn Emanuel after litigation commenced regarding certain common interest strategies associated with this dispute.

The facts here are straightforward. On December 12 and 13, 2017, Andrew Wolstan, in-house counsel at EVelozcity, had an in-depth consultation with attorneys from Quinn Emanuel for the express purpose of potential retention of your firm to provide legal advice related to the departure of certain FF employees who were planning to join EVelozcity. Mr. Wolstan first spoke with associate Jack Baumann, who put Mr. Wolstan in touch with partner Diane Cafferata. Mr. Wolstan had a confidential conference call with Ms. Cafferata and Mr. Baumann regarding the issues. In that call, Ms. Cafferata and Mr. Baumann provided Mr. Wolstan with extensive information including legal analysis and strategies, a litigation budget and other privileged information.

The following day, Mr. Baumann copied Ms. Cafferata on a detailed e-mail to Mr. Wolstan providing extensive legal advice related to these issues. The e-mail specifically addressed employee mobility issues as well as a risk assessment.



Charles K. Verhoeven, Esq.
March 15, 2018
Page 2

Quinn Emanuel's privileged activities with EVelozcity did not end there. On February 13, 2018, EVelozcity in-house counsel Brionna Ned contacted San Francisco associate Brad Estes to discuss legal issues and advice related to management and operation of a joint defense group in this case. Ms. Ned and Mr. Estes conducted a Google Chat discussion regarding these issues.

The relationship of an attorney and a client is established prima facie at the time of preliminary consultation with a view towards retention, even if actual retention does not happen. *See, e.g., In re Muscle Improvement, Inc.*, 437 B.R. 389 (C.D. Cal. August 31, 2010) (creditor's counsel in adversary proceeding disqualified due to two retention consultations by debtor); *In re Tevis*, 347 B.R. 679 (9th Cir. 2006) (mere consultation with a prospective client may create a disqualifying conflict of interest for a lawyer, especially where confidential information was disclosed). The consultations described above created an attorney-client relationship, preventing Quinn Emanuel from representing adverse interests without written consent, pursuant to CRPR 3-310(E), which states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Where one attorney is disqualified for a conflict of interest due to representation of an adverse party in the same matter, the entire firm is disqualified. *See, e.g.*, *Castaneda v. Superior* Court, 237 Cal.App.4th 1434, 1448-50 (2015) ("vicarious disqualification is mandatory in cases of a tainted attorney possessing actual confidential information from a representation, who switches sides in the same case"); *see also Med-Trans Corp Inc. v. City of California City*, 156 Cal.App.4th 655 (2007); *Pound v. DeMera DeMera Cameron,* 135 Cal.App.4th 70, 74, 76 (2005); *People v. SpeeDee Oil Change Sys., Inc.*, 20 Cal.4th 1135 (1999); *Flatt v. Superior Court*, 9 Cal.4th 275 (1994); *Henriksen v. Great Am. Sav. & Loan*, 11 Cal.App.4th 109 (1992) (rejecting ethical wall solution to conflict of interest problem).

FF previously sought to disqualify EVelozcity's in-house counsel and demanded that he not be involved in this matter, even though he had no involvement in the current dispute while at FF. Here, Quinn Emanuel's ties to the conflict issues are much closer, as they are directly and substantially related to the litigation.

There is no question that Quinn Emanuel has a conflict here. EVelozcity established an attorney-client relationship with Quinn Emanuel through these communications. Privileged and confidential information substantially related to this case was provided, and legal advice was given by Quinn Emanuel.

ACTIVE/94521949.4



Charles K. Verhoeven, Esq.
March 15, 2018
Page 3


In light of the above, please confirm that Quinn Emanuel will withdraw as counsel for FF no later than Tuesday, March 20, 2018, or we will move for disqualification. Please also confirm that no privileged information has been shared with FF or with the other counsel representing FF related to this matter.

Sincerely,

Neel Chatterjee

NC

cc: David A. Perlson
James Judah
Duane Lyons
Todd A. Boock
Hayes P. Hyde

ACTIVE/94521949.4

Exhibit AA -6-