# EXHIBIT CC

EXHIBIT CC

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3176**

WRITER'S EMAIL ADDRESS
**harryolivar@quinnemanuel.com**

March 18, 2018

<u>VIA E-MAIL</u>

Neel Chatterjee, Esq.
Partner
Goodwin Procter LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 94011

Re: **Faraday&Future, Inc. v. EVelozcity, Inc., U.S. D.C. Central District Cal. Case No. 18-cv-00737**

Dear Mr. Chatterjee:

I am writing in response to your March 15, 2018 letter to my partner Charlie Verhoeven asserting that Quinn Emanuel has a "serious, nonwaivable conflict" in the above-referenced matter. I am the firm's Conflicts Counsel, and we take such allegations of conflicts seriously. I have investigated the matter, and am writing to you to correct certain facts and to assure you that Quinn Emanuel has complied and will comply with the California Rules of Professional Conduct and that there is no reason for our firm to withdraw as counsel for Faraday&Future, Inc. ("Faraday").

Your letter references two instances in which EVelozcity, Inc. ("EVelozcity") lawyers contacted former classmates or school friends at our firm to discuss legal principles, in one instance before any litigation was filed. I have investigated these discussions and have communicated with each of the individuals involved. In each instance, I have confirmed that there was no privileged or confidential information communicated to Quinn Emanuel attorneys, that no documents or other materials were provided to our firm, and that there were no steps taken to retain our firm as counsel. In an abundance of caution and out of deference to your concerns, we have put a wall in place so that none of the three attorneys you reference has any contact with any member of the Faraday litigation team; with the wall in place, there is no chance that any EVelozcity confidences (we do not believe there were any, as detailed below) could be used in the litigation or that EVelozcity could suffer any prejudice.

With respect to the first contact referenced in your letter, you correctly state that on December 12, 2017, Andrew Wolstan, an in-house lawyer at EVelozcity, arranged a call with Jack

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Exhibit CC -8-

Baumann and Diane Cafferata of our firm.  Mr. Wolstan and Mr. Baumann know each other from middle school (Mr. Wolstan was Mr. Baumann's brother's classmate), and they have kept in touch for about twenty years.  Mr. Wolstan wanted to understand some general principles about best practices in bringing on employees, and Mr. Baumann and Ms. Cafferata had that discussion with him.  Mr. Baumann certainly was not under the impression that Mr. Wolstan was asking for advice solely to retain Quinn Emanuel for its legal services, especially given that no claim had even been filed by anyone at the time of the December 12, 2017 discussion.  Mr. Baumann and Ms. Cafferata both confirmed to me that they never received any confidential information from Mr. Wolstan.

Further, based on subsequent representations made by Mr. Wolstan's personal counsel, Mr. Ragesh Tangri, we know that Mr. Wolstan has not played any role in the Faraday litigation. On February 2, 2018, Mr. Tangri wrote:

> Mr. Wolstan is a corporate lawyer.  He is neither a litigator nor an intellectual property lawyer.  Neither his prior nor his present work relates to the technology [Faraday] discusses in its complaint. …Mr. Wolstan is not participating in the Litigation [Irell & Manella LLP] filed this week.

That Mr. Wolstan has not been involved in any way in the litigation confirms that Mr. Wolstand did not communicate in his general conversations with Mr. Baumann and Ms. Cafferata any "privileged and confidential information directly related to this case."

With respect to the second communication referenced in your letter, Quinn Emanuel associate Brad Estes' electronic Google Chats with a law school classmate similarly did not communicate any confidential information to Mr. Estes.  Brionna Ned, a classmate of Mr. Estes from law school, contacted him twice by chat in February: once to discuss the general topic of joint defense arrangements and a second time to vent about an accidental public filing of confidential information by counsel with whom she was working.  Ms. Ned did not communicate anything confidential to Mr. Estes, and did not even reveal where she was working at the time (Mr. Estes had no idea she was at EVelozcity) or any of the parties involved.  Mr. Estes, and the chats themselves, confirm that nothing more than a high-level, informal conversation occurred, and that he and Ms. Ned have had similar conversations in the past regarding other general topics. I do not think you are suggesting that Ms. Ned disclosed material confidential information in an unsolicited, informal chat with a law school classmate, and review of the chats confirms that this did not occur.  There is nothing in the informal dialogue between Ms. Ned and Mr. Estes that would support a conflict assertion.

As I am sure you are aware, an attorney "represents" a client "when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." *People ex rel. Dept. of Corps. v. SpeeDee Oil Change Systems*, 20 Cal.4th 1135, 1148 (1999).  Because neither Mr. Baumann, nor Ms. Cafferata, nor Mr. Estes obtained any material confidential information, knowingly or otherwise, from Mr. Wolstan or Ms. Ned, Quinn Emanuel was not required to obtain informed written consent of EVelozcity before representing Faraday.  As courts have noted, including in the case you cited in your letter, the primary concern "is whether and to what extent the attorney acquired confidential information." *In re Tevis*, 347 B.R. 679, 692 (9th Cir. 2006).  That did not occur here.

Given the concerns set forth in your letter, however, we have made efforts to ensure that any communications of any nature by Mr. Wolstan and Ms. Ned to the three attorneys referenced cannot be accessed by the Faraday litigation team.  Out of an abundance of caution, we have implemented ethical screening procedures walling Diane Cafferata, Jack Baumann, and Brad Estes from all timekeepers doing any work on the Faraday matter.  In response to your request in your March 15, 2018 letter, I can confirm that no information of any sort communicated by Mr. Wolstan or Ms. Ned has been shared with any member of the Faraday litigation team, with Faraday, or with any other counsel representing Faraday, and the wall we have in place will ensure that no information can be shared in the future.

If you believe any further safeguards are necessary to protect any EVelozcity information or avoid any prejudice to EVelocity, please contact me so that I can assist.   As I said, we take assertions of conflicts seriously and, although I have confirmed that no confidential information was communicated to any of the lawyers discussed above, we want to do whatever we can to address the concerns you have raised and to avoid any conceivable prejudice to EVelozcity.

Sincerely,

Harry A. Olivar, Jr.


Enclosures:   February 2, 2018 Letter from R. Tangri to I. Jablon

cc:   Charles K. Verhoeven
      David A. Perlson
      James D. Judah
      Duane Lyons
      Todd A. Boock
      Hayes P. Hyde
      Ragesh Tangri

08273-00001/9922950.1

3

Exhibit CC -10-

# Durie Tangri

Ragesh K. Tangri<br>
415-362-6666 (main)<br>
rtangri@durietangri.com

February 2, 2018

**VIA EMAIL**

Iian D. Jablon
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles. CA 90067-4276
ijablon@irell.com

   Re:   Response to Faraday&Future, Inc.

Dear Iian,

We represent Mr. Wolstan with respect to your letter of January 30.

We understand that Faraday&Future, Inc. ("FF") has filed a complaint alleging trade secret misappropriation by EVelozcity Inc. and an arbitration demand or demands against two individuals ("Litigation"). As you know, Mr. Wolstan is a corporate lawyer. He is neither a litigator nor an intellectual property lawyer. Neither his prior nor his present work relates to the technology FF discusses in its complaint.

Nevertheless, Mr. Wolstan understands, and respects fully, his obligations to his former client. He has complied with those obligations. He will continue to do so.

Mr. Wolstan is not participating in the Litigation your firm filed this week. He will not discuss those matters with others at Evelozcity, and he has no access to files pertaining to the Litigation. EVelozcity will be separately represented, and Mr. Wolstan will have no communications regarding the Litigation with the lawyers working on the Litigation.

Regarding your request relating to FF files, we will provide you copies of any FF files Mr. Wolstan has. The rules of conduct contemplate that former counsel will retain copies of such files, and it would be appropriate for Mr. Wolstan to do so here. In this case, however, Mr. Wolstan will arrange for a preservation copy to be made and will not retain any such files personally.

Very truly yours,

Ragesh K. Tangri