Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650.752.3100
Fax.: +1 650.853.1038

Brendan E. Radke (SBN 275284)
bradke@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Todd A. Boock (SBN 181933)
tboock@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

Attorneys for Defendant
EVELOZCITY INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FARADAY & FUTURE, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>EVELOZCITY INC.,<br><br>  Defendant. | Case No. 2:18-cv-00737-DMG<br><br>**DEFENDANT EVELOZCITY INC.'S APPLICATION FOR *IN CAMERA* REVIEW OF EXHIBIT A TO THE DECLARATION OF ANDREW WOLSTAN AND EXHIBIT 1 TO THE DECLARATION OF BRIONNA NED**<br><br>Date:       April 13, 2018<br>Time:       10:00 a.m.<br>Courtroom: 8C, 8th Floor<br>Judge:      Honorable Dolly M. Gee<br><br>Filed/Lodged Concurrently with:<br>1. Declaration of Todd A. Boock<br>2. Stipulation and [Proposed] Order |

## APPLICATION FOR *IN CAMERA* REVIEW

Defendant EVelozcity Inc. ("EVelozcity") respectfully requests that the Court conduct an *in camera* review of Exhibit A to the Declaration of Andrew Wolstan ("Wolstan Decl.") and Exhibit 1 to the Declaration of Brionna Ned ("Ned Decl.") in support of EVelozcity's Motion to Disqualify Quinn Emanuel Urquhart & Sullivan, LLP as Counsel for Plaintiff Faraday & Future Inc. ("Motion to Disqualify"), in lieu of filing Exhibit A and Exhibit 1 (the "Exhibits") in the public record and serving them upon opposing party Faraday & Future, Inc. ("FF" or "Plaintiff").

The parties have stipulated to submit these Exhibits for *in camera* review, and that EVelozcity will provide the Exhibits only to Mr. Harry Olivar, an attorney with Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") who is handling the conflict issue for that firm, and who has not appeared as counsel in this litigation, and is reviewing the Exhibits for the sole purpose of opposing EVelozcity's Motion to Disqualify. Quinn attorneys who have appeared in this case, as well as those who participated in the communications described in the Exhibits, will not receive any copies, excerpts, or examples of the Exhibits, nor will they communicate or have any contact with Quinn conflict counsel regarding the Motion to Disqualify. EVelozcity does not waive attorney-client privilege or work product protections of these or any other protected communications by filing this Application or the Motion to Disqualify.

*In camera* review of the Exhibits is appropriate under Local Rule 79-6, and indeed resolution of privilege issues is the quintessential situation requiring such measures. EVelozcity's interest in maintaining the confidentiality and privilege of the Exhibits outweighs FF's and the public's right of access for the reasons stated below and in the concurrently filed Boock Decl. The harm to EVelozcity that will result from publication of the Exhibits far outweighs the interest FF and the public have in this information. Furthermore, FF will suffer no prejudice from the granting of this application, as the parties have stipulated to *in camera* review and that Mr.

Olivar will have access to the Exhibits to prepare a fulsome response to EVelozcity's Motion to Disqualify.

This application is based on the attached Memorandum of Points and Authorities, the Boock Decl. and the Stipulation and Proposed Order filed concurrently herewith, and the files and records of this case.

Dated: March 29, 2018

Respectfully submitted,

By: /s/ Neel Chatterjee
Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brendan E. Radke (SBN 275284)
*bradke@goodwinlaw.com*
Hayes P. Hyde (SBN 308031)
*hhyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Todd A. Boock (SBN 181933)
*tboock@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S Figueroa Street
41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant
EVELOZCITY INC.*

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79-6, EVelozcity respectfully requests permission to submit for *in camera* review Exhibit A to the Declaration of Andrew Wolstan ("Wolstan Decl.") and Exhibit 1 to the Declaration of Brionna Ned ("Ned Decl.") in support of EVelozcity's Motion to Disqualify Quinn Emanuel Urquhart & Sullivan, LLP as Counsel for Plaintiff Faraday & Future Inc. ("Motion to Disqualify"), in lieu of filing Exhibit A and Exhibit 1 (the "Exhibits") in the public record, and to provide the Exhibits only to Mr. Harry Olivar, an attorney for Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") who is handling the conflict issue and who has not appeared in this litigation. EVelozcity does not waive attorney-client privilege or work product protections of these or any other protected communications by filing this Application or the Motion to Disqualify.

## I.   ARGUMENT

### A.   The Court Should Permit the Filing of the Exhibits *In Camera*.

Civil Local Rule 79-6.2 specifically provides that a person "seeking *in camera* review of a document must describe its general nature and establish why it should be reviewed *in camera*, citing the applicable legal standard." Courts within the Ninth Circuit have granted *in camera* review of privileged information pursuant to the "good cause" standard of Fed. R. Civ. P. 26(c). *See* Order Granting Defendant Juno Therapeutics, Inc.'s *Ex Parte* Application for *In Camera* Review, *City of Hope v. Juno Therapeutics, Inc.*, No. 2:17-CV-06201 RGK (JPRx), ECF No. 33.

*In camera* review is appropriate where, as here, the parties seek to determine the validity of the very privileges claimed over the documents. The Exhibits will aid the Court's analysis of EVelozcity's Motion to Disqualify, and both parties agree that the court should review the Exhibits *in camera* to determine whether the Exhibits contain privileged communications and to assess EVelozcity's Motion to Disqualify. As described in detail in the Declaration of Todd A. Boock ("Boock

1

Decl.") submitted concurrently herewith, the Exhibits contain highly sensitive and confidential privileged information. The Exhibits contain attorney-client privileged communications and attorney work product regarding potential litigation strategy, risks, and potential defenses directly related to the instant case. FF disputes this claim of privilege. Any submission of the Exhibits in the public record or disclosure to FF or its litigation counsel would implicate the very privilege that EVelozcity asserts in the Motion to Disqualify. The parties have agreed that the Court may review the Exhibits to resolve this dispute and request that review be done *in camera*. By submitting these documents for *in camera* review, EVelozcity expressly does not waive the attorney-client privilege and work product privilege attached to the Exhibits.

The attorney-client privilege applies to all attorney records, including correspondence, bills, ledgers, statements, and time records that also reveal the client's motives in seeking representation, litigation strategy, or the specific nature of the services provided. *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The privilege "protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011); (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The California Supreme Court has described the attorney-client privilege as "fundamental to [its] legal system" and "a hallmark of [its] jurisprudence." *People v. Superior Court (Laff)*, 25 Cal. 4th 703, 715 (2001) (internal quotation marks omitted). This privilege is "no mere peripheral evidentiary rule, but is held vital to the effective administration of justice." *Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir.2003) (citing *Roberts v. City of Palmdale*, 5 Cal.4th 363, 380 (1993)). "Lawyers in California, as elsewhere, consider [the duty to maintain confidences] central to the attorney-client relationship." *Bittaker*, 331 F.3d at 721.

To protect this privilege, courts frequently engage in *in camera* review to

evaluate privilege claims. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1072 (9th Cir. 1992) (noting the "well established practice of conducting *in camera* review" to evaluate a claim of privilege). Submission of information *in camera* does not destroy the claim for privilege. *United States v. Zolin*, 491 U.S. 554, 569 (1989).

An order permitting EVelozcity to submit the Exhibits *in camera* is consistent with the requirements of Rule 26. "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Unlike the higher compelling interest standard ascribed to sealing documents related to dispositive motions, "good cause" may be met by showing "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Furthermore, because discovery is limited to "nonprivileged matter" (Fed. R. Civ. P. 26(b) (1)) a court can prevent disclosure of "privileged communications or work product. . . ." Advisory Committee Notes 1983 Subdivision G ("The provisions of Rule 26(c), including appropriate orders after in camera inspection by the court, remain available to protect a party claiming privilege or work product protection.").

*In camera* review is particularly appropriate here, where the parties remain actively engaged in litigation, and compromising the confidentiality of EVelozcity's case strategy poses a true risk of unfair prejudice. *See Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1109 (9th Cir. 2013) (approving district court's *in camera* review of privileged documents because it was "particularly important" because "MGA was still engaged in litigation with Mattel.").

EVelozcity's request easily meets the burden for *in camera* review. The Exhibits are confidential communications between in-house counsel for EVelozcity and attorneys for Quinn discussing legal strategies, potential defenses, and risks associated with potential litigation against EVelozcity by FF. Boock Decl., ¶¶ 2-3. These Exhibits are protected by the attorney-client privilege and work product

1 privilege and require *in camera* inspection by the Court to preserve that asserted
2 privilege and to protect the integrity of EVelozcity's confidential communications
3 regarding this litigation disclosed therein.

## II. CONCLUSION

Accordingly, EVelozcity submits that it has shown good cause and respectfully requests that it be allowed submit the Exhibits to chambers for *in camera* review. EVelozcity further requests the Exhibits not be entered into the Court's physical or electronic docket or be otherwise available to FF, its counsel of record in this litigation (other than Mr. Olivar, who has not appeared in this litigation on behalf of FF), or the public.

Dated: March 29, 2018                Respectfully submitted,

By: /s/ Neel Chatterjee
Neel Chatterjee (SBN 173985)
nchatterjee@goodwinlaw.com
**GOODWIN PROCTER** LLP
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

Brendan E. Radke (SBN 275284)
bradke@goodwinlaw.com
Hayes P. Hyde (SBN 308031)
hhyde@goodwinlaw.com
**GOODWIN PROCTER** LLP
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Todd A. Boock (SBN 181933)
tboock@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 S Figueroa Street
41st Floor
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax.: +1 213 623 1673

*Attorneys for Defendant*
*EVELOZCITY INC.*