[Counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| FARADAY&FUTURE, INC., | CASE NO. 2:18-cv-00737-DMG |
| Plaintiff, | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |
| vs. | **JURY TRIAL DEMANDED** |
| EVELOZCITY, INC., | |
| Defendant. | |

Plaintiff Faraday&Future, Inc. ("FF") and Defendant EVelozcity Inc. ("EVelozcity") jointly submit this Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

**FF Statement Regarding Lack of Rule 26(f) Conference to Date:**

The statutory deadline for the Rule 26(f) conference was April 2, 2018, based on EVelozcity's February 20, 2018 appearance.  FF requested that EVelozcity conduct the Rule 26(f) conference by this timeframe.  EVelozcity declined to participate in a Rule 26(f) conference by April 2.  Instead, now two weeks after this deadline has already passed,  EVelozcity improperly asks the Court in this Report for a continuance of the date for the Rule 26(f) conference.[1]  Evelozcity has used this self-help in refusing to conduct the Rule 26(f) conference, without seeking leave of Court, to avoid having to respond to written discovery that the Federal Rules provide is triggered by the Rule 26(f) conference.  Also, despite refusing to engage in a Rule 26(f) conference, EVelozcity advocates specific discovery and case management positions in this Report, disclosed to FF for the first time at 3:07 PM today, the deadline to submit the Report. Given the timing of EVelozcity's statement of its positions, the parties have not met and conferred as to them.  FF submits that EVelozcity's tardy submission of its positions should be rejected.

**EVelozcity Statement Regarding Lack of Rule 26(f) Conference to Date:**

EVelozcity contends that a Rule 26(f) conference is premature due to its pending Motion to Compel Arbitration (Dkt. 19) and Motion to Disqualify Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") from representing FF in this matter (Dkt. 46). EVelozcity contends that it is inappropriate to engage in discovery or case management discussions with Quinn, given its position that Quinn formed an attorney-client

---

[1]  As the Court has already reminded EVelozcity (Dkt.  41), pursuant to this Court's Standing Order, request for extensions are to be made "no less than five (5) court days prior to the expiration of the scheduled date," which here would have been no later than March 26, 2018.

relationship with EVelozcity in this matter, that Quinn should not be representing FF, and that a further hearing on EVelozcity's Motion to Disqualify will occur on April 27 (Dkt. 66).  EVelozcity has also stated its position that conducting discovery while a Motion to Compel Arbitration remains pending, and a related arbitration against individual EVelozcity employees is ongoing, may result in inconsistent rulings regarding discovery.  EVelozcity has expressed these positions to Quinn on several occasions and requested that FF stipulate to postpone discovery and Rule 26 deadlines, but FF has refused.

EVelozcity repeatedly stated its objections orally and in writing *in response* to FF's solicitation of a Rule 26(f) conference pursuant to Rule 26(a)(1)(C), in discovery meet and confer discussions, in writing to Magistrate Judge Oliver, and during the Informal Discovery Conference ("Conference") that took place with Magistrate Judge Oliver on April 10, 2018, which was, in part, called to discuss EVelozcity's intention to seek a protective order as to the Rule 26 conference and disclosures.  EVelozcity restates the same objections herein, also pursuant to Rule 26(a)(1)(C).

EVelozcity has never refused to participate in a Rule 26(f) conference – it has instead consistently taken the position that doing so under the circumstances would be premature and improper; and it has repeatedly objected on this basis.  EVelozcity intends to fully participate in a Rule 26(f) conference once its objections have been resolved.

EVelozcity did not take this position to "avoid having to respond to written discovery," as FF suggests.  Indeed, EVelozcity served objections to FF's discovery, and Magistrate Judge Oliver agreed that the discovery was premature.  Even if the Court deemed the discovery served as of April 2, 2018 (which EVelozcity contends it should not do), the responses would not be due until early May.

EVelozcity first received FF's specific case management and discovery positions for this Report on Thursday, April 12, 2018 at 8:34 pm, the day prior to the hearing on the Motion to Disqualify, and two business days prior to the date of filing of this

Report.[2]  FF had not previously disclosed these positons – during communications regarding the Rule 26(f) conference or at any other time.  EVelozcity circulated its portions of this Report – including having to respond to FF's new positions and rewrite positions that FF attempted to draft for EVelozcity – expeditiously, given when it received FF's draft.  Although EVelozcity contended that the Rule 26(f) conference and related disclosures were premature, it never waived its right to state its case management and discovery positions or to respond to those stated by FF.  FF has no legal basis to request that EVelozcity's positions be rejected.

# I.     JURISDICTION AND SERVICE

**FF Statement:**

This Court has subject matter jurisdiction over FF's federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 *et seq.* and 28 U.S.C. §§ 1331 and 1343.

**EVelozcity Statement:**

EVelozcity has filed a Motion to Compel Arbitration (Dkt. 19), which remains pending, and contends that this matter should proceed in arbitration for the reasons stated therein and in EVelozcity's Response to the Court's Order to Show Cause (Dkt. 32).  If, however, the Court denies EVelozcity's Motion, EVelozcity does not dispute that this Court has subject matter jurisdiction as stated above.

# II.    MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(F)(3)

## A.     The Timing and Form of Initial Disclosures

**FF Statement:**

Pursuant to Rule 26(a)(1)(C), Initial Disclosures should be served by no later than today, April 16, 2018 (14 days after the deadline for the Rule 26(f) conference),

---

[2] Two of EVelozcity's attorneys traveled from Northern California to Los Angeles for the Motion to Disqualify hearing during the evening of April 12 and attended the hearing the next day.  Another of EVelozcity's attorneys was out of town from the morning of Friday, April 13 through the evening of Sunday, April 15, 2018.

1  "unless a party objects during the conference that initial disclosures are not appropriate

2  in this action and states the objection in the proposed discovery plan."  EVelozcity did

3  not so object at the Rule 26(f) conference because it declined to participate, but it has

4  otherwise objected to providing Initial Disclosures.[3]  For the reasons stated herein,

5  EVelozcity's objections are without merit.  Accordingly, FF proposes that the parties

6  exchange Initial Disclosures as soon as possible, and by no later than April 20, 2018.

7      On April 6, 2018, EVelozcity requested an informal discovery conference with

8  Magistrate Judge Oliver regarding its intention to seek a protective order staying its

9  obligations to provide Rule 26 disclosures.  At the Informal Discovery Conference on

10  April 10, 2018, as reflected in the minute order of the same day, Magistrate Judge

11  Oliver directed EVelozcity "to seek relief from District Judge Gee for any requests …

12  to stay the Rule 26 disclosures[.]"  Dkt. 60 (4/10/2018 Minute Order).  To date,

13  however, EVelozcity has not sought any relief from the Court.[4]

14  **EVelozcity Statement:**

15      EVelozcity contends that initial disclosures should be delayed and objects to the

16  service of initial disclosures pending adjudication of its Motion to Compel Arbitration

17  and Motion to Disqualify.  Under Federal Rule of Civil Procedure 26(a)(1)(C):

18  > (C) Time for Initial Disclosures—In General. A party must
19  > make the initial disclosures at or within 14 days after the
20  > parties' Rule 26(f) conference unless a different time is set
21  > by stipulation or court order, or unless a party objects
22  > during the conference that initial disclosures are not
23  > appropriate in this action and states the objection in the
24  > proposed discovery plan. In ruling on the objection, the

---

[3] EVelozcity states it has "met the requirements of Rule 26(a) in stating its objection to the Rule 26(f) conference," but Rule 26(a)(1)(C) states that objection is to be stated "during the [Rule 26(f) conference," which EVelozcity refused to participate in.

[4] FF did not contend that "Magistrate Judge Oliver instructed EVelozcity to file a motion to stay Rule 26 proceedings" as EVelozcity suggests.  FF quotes directly from the Magistrate's minute order and notes – correctly – that EVelozcity had not sought any such relief from the Court.

> court must determine what disclosures, if any, are to be
> made and must set the time for disclosure.

EVelozcity has met the requirements of Rule 26(a) in stating its objection to the Rule 26(f) conference and discovery pending resolution of its motions, and the Court should resolve this objection before initial disclosures proceed. EVelozcity repeatedly stated these objections orally and in writing in response to FF's solicitation of a Rule 26(f) conference, in discovery meet and confer discussions, in writing to Magistrate Judge Oliver, and during the Informal Discovery Conference ("Conference") that took place with Magistrate Judge Oliver on April 10, 2018. EVelozcity restates the same objections herein.

The Conference was initiated by EVelozcity, in furtherance of its intention to seek a protective order regarding discovery served by FF on February 23, 2018, which was premature pursuant to Rule 26(d)(1). EVelozcity also sought the protective order as to the Rule 26(f) conference and disclosures. Magistrate Judge Oliver agreed with EVelozcity that the discovery was premature and prohibited by Rule 26(d)(1). As for the Rule 26(f) conference and disclosures, EVelozcity disagrees that Magistrate Judge Oliver instructed EVelozcity to file a motion to stay Rule 26 proceedings. She instead stated during the Conference that she believed that matters concerning Rule 26 should be raised before Judge Gee, and therefore that the parties should seek any relief concerning Rule 26 from this Court.

## B.   Discovery Subjects and Limitations

### 1.   Phases and Limitations

**FF Statement:**

FF proposes that discovery should not be conducted in phases or be limited to or focused upon particular issues. At present, beyond the other proposals within this Report, FF seeks no modification of the federal discovery rules.

Pursuant to the Court's Standing Order, Paragraph 3(b), FF served its First Set of Requests for Production and First Set of Interrogatories on February 23, 2018.

08273-00001/9981163.1

EVelozcity did not seek a protective order prior to the response date, but rather served objections and responses on March 26, 2018.  In its responses, EVelozcity refused to produce any documents and did not provide any substantive response to any of the interrogatories, contending discovery was premature due to its pending Motion to Compel Arbitration and Motion to Disqualify.  At the April 10, 2018 Informal Discovery Conference concerning the sufficiency of EVelozcity's discovery responses, the Magistrate Judge ruled that FF's discovery served on February 23 was premature, and that she lacked authority to rule the discovery timely or deemed served on April 2, because the Rule 26(f) conference had not yet taken place.  Dkt. 60 (4/10/2018 Minute Order).

But the only reason that the Rule 26(f) conference has not occurred is that EVelozcity has thus far refused to participate.  FF submits that EVelozcity should not be permitted to take advantage of its self-help in flouting Court deadlines to delay discovery.  Thus, FF requests that the Court deem the Rule 26(f) conference to have taken place on April 2, 2018, and service of the written discovery FF served on February 23, 2018 to have been effective by no later than April 2, 2018.

In its below statement, which FF first received from EVelozcity at 3:07 PM today, EVelozcity purports to provide its position on the staging and limits of discovery.  As noted above, EVelozcity should have provided its position in a Rule 26(f) conference by April 2, 2018.  It is improper for EVelozcity to refuse to participate in a Rule 26(f) conference (solely to avoid the commencement of discovery), on the one hand, while advocating for specific positions in the Rule 26(f) Report, on the other.  FF incorporates this objection with respect to each of the "EVelozcity's Statement" portions of this Report, all of which were first disclosed at 3:07 PM today.

EVelozcity further argues that it should not have to respond to FF's discovery requests because they purportedly seek irrelevant documents.  As an initial matter, the requests seek information relevant and proportional to the needs of the case.  In any event, this is an issue for EVelozcity to raise in its objections to specific requests (and

1  in fact, one that EVelozcity did raise in its objections), not a basis to refuse to engage in

2  discovery entirely.  EVelozcity also argues that California Code of Civil Procedure

3  section 2019.210 applies to this case.  But FF is asserting a federal claim in federal

4  district court.  Section 2019.210 is therefore inapplicable.

5    Finally, EVelozcity is incorrect that "[q]uestions regarding the effective date of

6  FF's discovery requests are appropriately before Judge Oliver."  The Magistrate Judge

7  ruled that FF's requests were premature because she lacked authority to rule whether

8  the Rule 26(f) conference had yet taken place, specifically directing that issue to this

9  Court.  That is why, as EVelozcity admits below, she could not rule that the requests

10  were deemed served as of April 2, 2018, and why FF requests the Court to make that

11  ruling.

12    **EVelozcity Statement:**

13    Other than those specified below, EVelozcity does not seek modification of the

14  discovery rules under the Federal Rules of Civil Procedure, the Local Rules of the

15  Central District of California, or the Court's Standing Order.  EVelozcity agrees that

16  discovery should not be conducted in phases.  Discovery should be limited to evidence

17  relevant to FF's sole cause of action in this case, for violation of the Defend Trade

18  Secrets Act.  FF should not be permitted to use this litigation to obtain discovery

19  regarding claims not asserted against EVelozcity, including those asserted against other

20  parties in arbitration.  The discovery that FF previously served in this matter, which

21  Magistrate Judge Oliver has deemed premature, covers topics well beyond the Defend

22  Trade Secrets Act claim and extends beyond the scope of discovery set forth in Rule

23  26(b)(1).  However, EVelozcity did not refuse to respond to discovery because of the

24  lack of relevance of the discovery requests – in fact, EVelozcity asserted appropriate

25  objections that the discovery was outside of the scope set forth by Rule 26(b)(1)—

26  EVelozcity contended, and Magistrate Judge Oliver agreed, that the discovery was

27  premature.

28

1    EVelozcity has not served discovery thus far in this case due to the
2  aforementioned pending motions, contentions and objections.  FF has failed to identify
3  the trade secrets at issue in its lawsuit in its Complaint (Dkt. 1) or First Amended
4  Complaint (Dkt. 25), pursuant to California Code of Civil Procedure section 2019.210,
5  or in response to EVelozcity's repeated requests.  Accordingly, EVelozcity is presently
6  unaware which purported "trade secrets" form the basis of FF's Defend Trade Secrets
7  Act cause of action.  This is another reason that discovery is premature at this time, and
8  EVelozcity has repeatedly raised this objection to FF and requested identification of the
9  trade secrets, to no avail.  EVelozcity mentions section 2019.210 and other discovery
10 concerns in this Report to explain its position.  It is not requesting that the Court resolve
11 these issues without a pending motion at this time, particularly before these issues have
12 been formally brought before Magistrate Judge Oliver.

13    FF attempts to use EVelozcity's contentions regarding the premature Rule 26(f)
14 conference as an excuse for its premature discovery requests.  In reality, FF served
15 these requests on February 23, 2018, almost immediately after EVelozcity first
16 appeared and long before FF first attempted to conduct the Rule 26(f) conference.
17 EVelozcity timely responded to FF's discovery with objections, including, but not
18 limited to, the fact that the discovery was premature pursuant to Rule 26(d)(1).
19 Magistrate Jude Oliver's determination that FF's discovery was prohibited by Rule
20 26(d)(1) had nothing to do with EVelozcity's position that the Rule 26(f) conference
21 was premature.

22    Questions regarding the effective date of FF's discovery requests are
23 appropriately before Magistrate Judge Oliver.  *See* Standing Order, Dkt. 8, at 2:15-16.
24 On April 10, 2018, Magistrate Judge Oliver ruled during the parties' Informal
25 Discovery Conference that FF had served its discovery requests prematurely without
26 any legal basis to do so.  She did not rule that those requests were deemed served as of
27 April 2, 2018, and accordingly they are not.  She instead stated that she would not give
28 an advisory opinion regarding an issue that was not before her – namely, she would not

1  rule on whether EVelozcity had failed to timely respond to FF's discovery requests, as
2  the deadline within which to respond to April 2 discovery requests had not yet expired.
3  FF has not re-served its discovery as of the date of this Joint Statement and accordingly
4  it has no discovery requests pending.

5         EVelozcity objects to FF's request that the Court deem the Rule 26(f) conference
6  to have occurred on April 2, 2018, as the conference did not take place, for the reasons
7  set forth above.

8              **2.    Discovery Subjects**

9  **FF Statement:**

10        The general subjects on which discovery may be needed by FF include, but are
11 not limited to:

12    • EVelozcity's acquisition, disclosure, and use, of FF trade secret materials;
13    • EVelozcity's knowledge and encouragement of the activities of its
14      employees who are former FF employees, including but not limited to the
15      downloading and/or copying, of FF's trade secret materials and
16      subsequent disclosure of these materials to EVelozcity;
17    • EVelozcity's formation, structure, and ownership;
18    • EVelozcity's design, development, testing and operation of variable
19      platform architecture ("VPA"), battery, power-train, safety-feature,
20      autonomous driving, and internet of vehicles ("IoV") technologies.
21    • damages and harm caused by EVelozcity's trade secret misappropriation.

22
23 **EVelozcity Statement:**
       At such time as discovery becomes appropriate in this litigation, EVelozcity
24 currently anticipates seeking discovery on at least the following topics:
25    • FF continues to refuse to identify the purported trade secrets that form the
26      basis of its DTSA claim.  EVelozcity will serve discovery seeking what
27      alleged trade secrets are at issue in this case.
28

Case No. 2:18-cv-00737-DMG
JOINT RULE 26(f) REPORT

- EVelozcity anticipates taking discovery regarding the development of these alleged trade secrets, any failure by FF to protect confidentiality, and any public disclosure of those alleged trade secrets.
- Whether FF's alleged trade secrets are actually trade secrets under the law.
- Any records and/or evidence in FF's possession, custody and control allegedly evidencing theft and/or acquisition by improper means of its trade secrets by EVelozcity.
- FF's basis, if any, to contend that EVelozcity has disclosed or used without consent FF's purported trade secrets.
- FF's basis, if any, to contend that EVelozcity had any knowledge that FF's purported trade secrets were actually trade secrets or had been acquired by improper means.
- FF's basis for the bringing of this lawsuit, including any anti-competitive or retaliative agenda that may have motivated its claim.
- FF's alleged damages.
- Defenses to FF's Defend Trade Secrets Act Claim.

**3.     When Discovery Should Be Completed**

**FF Statement:**

As set forth in the [Proposed] Case Schedule below, FF proposes that fact discovery should be completed by January 10, 2019.  FF proposes that expert discovery be completed by March 27, 2019.

**EVelozcity Statement:**

EVelozcity contends that discovery has not yet commenced in this matter, due to its unresolved motions, its related objections to the Rule 26(f) conference, Magistrate Judge Oliver's ruling on FF's premature discovery, and FF's refusal to provide information regarding the trade secrets that comprise its sole cause of action in this litigation.  EVelozcity's dates in the [Proposed] Case Schedule below anticipate

resolution of EVelozcity's motions by the end of April 2018, but EVelozcity notes that these proposals are tentative due to the pendency of the motions.

Subject to the foregoing, EVelozcity proposes that fact discovery should be completed by March 29, 2019, and expert discovery should be completed by May 31, 2019.

## C. Evidence Preservation

**FF Statement:**

FF is not aware currently of any issues regarding disclosure, discovery, or preservation of electronically stored information. FF anticipates that the parties may enter into a stipulated agreement governing discovery of electronically stored information.

**EVelozcity Statement:**

EVelozcity is not presently aware of any issues about disclosure, discovery, or preservation of electronically stored information.

## D. Issues Regarding Claims of Privilege

**FF Statement:**

FF does not anticipate at this time any unusual issues regarding privilege or protection of trial-preparation materials. If privileged material is inadvertently produced, the party in receipt of such material should promptly return it and privilege should not be considered waived. FF anticipates that the parties may set forth additional provisions regarding the inadvertent production of privileged information in a Stipulated Protective Order, to be submitted to the Magistrate Judge for approval.

While EVelozcity refers to the supposed need for an ethical wall in relation to its alleged conflict, as stated in FF's Opposition brief, as EVelozcity was informed even before it brought the Motion to Disqualify, the Quinn attorneys who communicated with EVelozcity "have not had any discussions with the litigation team and are walled off entirely from the FF matter." (Dkt. 52 at 21.)

**EVelozcity Statement:**

08273-00001/9981163.1

EVelozcity contends that Quinn should be disqualified due to the attorney-client relationship it developed with EVelozcity, as well as the privileged information provided to Quinn by EVelozcity.  If the Court denies EVelozcity's Motion to Disqualify, the Quinn attorneys who communicated with EVelozcity and Quinn's conflict counsel should, at the very least, be walled off from communicating with any other employees at Quinn regarding this matter.

Other than the above, EVelozcity is not presently aware of any issues about claims of privilege or of protection as trial-preparation materials.  If and when discovery commences in this litigation, the parties will likely negotiate a stipulated protective order that will address issues concerning privilege.

**E.      Proposed Limitations or Modifications of the Discovery Rules**

The parties agree on the following modifications to the Federal Rules of Civil Procedure:

- Privilege logs need not include documents authored following the filing of the Complaint in the first instance; however, each party reserves the right to request that the other party log one or more categories of documents authored following the filing of the Complaint should a basis arise for such a request.
- Each side may serve up to 50 non-authentication requests for admission and unlimited authentication and/or admissibility requests for admission.
- Each side may serve up to 30 written interrogatories.

Any party may later move to modify these limitations for good cause.

The parties disagree regarding the following matters:

**FF Statement:**

FF proposes the following modification to the Federal Rules of Civil Procedure:

- Each side may take up to 20 depositions.

FF further proposes that any party may later move to modify this limitation for good cause.

08273-00001/9981163.1

EVelozcity refused to meet and confer with FF regarding modifications of the discovery rules, where this issue would have been discussed, and has provided no basis to object to FF's proposed number of depositions.  FF notes that well over 20 FF employees left the company to join EVelozcity, and, as alleged in the FAC, many of those former FF employees improperly copied and took FF proprietary information and documents before their respective departure dates.  Dkt. 25 at 5.

**EVelozcity Statement:**

EVelozcity objects to any modification of the Federal Rules of Civil Procedure concerning the number of depositions that each side may take in this litigation.  FF has asserted a single cause of action concerning the alleged actions of a limited number of individuals against one defendant.   Although FF contends that "well over 20 FF employees left the company to join EVelozcity," FF does not allege that each of these individuals misappropriated trade secrets.  In fact, FF's First Amended Complaint only includes vague misappropriation allegations regarding *three* former FF employees.  FF has not identified any other individuals, and its purported basis for twenty depositions is entirely speculative.  This is not a lawsuit requiring more depositions than those contemplated by the Federal Rules, except by a showing of good cause.

**F.**    **Other Discovery Orders**

**FF Statement:**

FF anticipates the parties will enter into, and will request the issuance of, a stipulated Protective Order to protect the confidentiality of, and to prohibit the unauthorized use of, any trade secret or confidential information that may be required to be disclosed during discovery.

FF anticipates that the parties may enter into a stipulated agreement governing discovery of electronically stored information, that would be submitted to the Court for approval.

FF proposes the following stipulation:

- Counsel need not preserve drafts or outlines of expert reports (partial or complete), notes, and other evidence of communications with experts on the subject of the expert's actual or potential testimony.  Further, the parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, or drafts of expert reports.  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.  Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.  This agreement applies to all such items regardless of whether they are in paper or electronic form and whether from this case or another.

At this time, FF does not believe that any additional orders are necessary.

**EVelozcity Statement:**

1    If and when discovery commences in this litigation, EVelozcity anticipates that

2 the parties will negotiate a stipulated protective order concerning materials exchanged

3 during the discovery process, including discovery of electronically-stored information.

4    Regarding FF's proposal for a stipulation, EVelozcity will consider such

5 proposal if and when discovery commences in this litigation and FF submits that

6 proposal to EVelozcity.

7 **III.    MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULE 26-1**

8    **A.    Complex Cases**

9    The parties agree that, while this case will likely include technological issues, the

10 procedures for the Manual for Complex Litigation are unnecessary at this time.

11    **B.    Motion Schedule**

12    **FF Statement:**

13    FF believes that, until it has had an opportunity to conduct and complete

14 discovery, it is difficult to evaluate the proprietary of dispositive motions or the issues

15 that it may raise in such motions.

16    FF's proposed deadline for hearing dispositive motions is set forth in the

17 [Proposed] Case Schedule below.

18    **EVelozcity Statement:**

19    EVelozcity's Motion to Compel Arbitration (Dkt. 19) and Motion to Disqualify

20 (Dkt. 46) are presently pending before the Court.

21    Regarding further dispositive or partially dispositive motions, EVelozcity

22 contends that discovery has not yet commenced in this matter, for the reasons set forth

23 above, so it is premature to evaluate the propriety of dispositive motions at this

24 juncture. EVelozcity's dates in the [Proposed] Case Schedule anticipate resolution of

25 EVelozcity's motions by the end of April 2018, but EVelozcity notes that these

26 proposals are tentative due to the pendency of the motions.

27    **C.    ADR**

28

The parties agree that ADR Procedure No. 3, a private dispute resolution proceeding, is appropriate in this case.  EVelozcity contends its pending Motion to Compel Arbitration may obviate the need for further ADR proceedings.

**D.     Trial Estimate**

**FF Statement:**

Based on the information presently available, FF proposes a trial date of June 3, 2019.  FF anticipates that the trial will last twelve to fifteen days.

**EVelozcity Statement:**

EVelozcity contends that discovery has not yet commenced in this matter, for the reasons set forth above, and FF has not disclosed the identity of, or information pertaining to, its purported trade secrets.  EVelozcity's estimate for the trial date herein anticipates resolution of EVelozcity's pending motions by the end of April 2018, but EVelozcity notes that this proposal is tentative due to the pendency of the motion.

Subject to the foregoing, EVelozcity estimates a trial date of July 29, 2019, and that trial will last ten to twelve days.

**E.     Additional Parties**

**FF Statement:**

Based on the information presently available, FF does not anticipate additional parties will appear in this case.

**EVelozcity Statement:**

Based on the information presently available, EVelozcity does not anticipate that additional parties will appear in this case.

**F.     Expert Witnesses**

**FF Statement:**

FF agrees to the disclosure of expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order.  The proposed deadline for disclosing expert testimony is set forth in the table below.

**EVelozcity Statement:**

EVelozcity contends that discovery has not yet commenced in this matter, as set forth above.  EVelozcity agrees to the disclosure of expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2).  EVelozcity's proposed deadline for expert disclosures in the [Proposed] Case Schedule below anticipates resolution of EVelozcity's motions by the end of April 2018, but EVelozcity notes that these proposals are tentative due to the pendency of the motions.

### G.    [Proposed] Case Schedule

**FF Statement:**

FF proposes the case schedule below.   Among other deadlines, because EVelozcity has failed to substantively respond to the First Amended Complaint ("FAC"), despite receiving an extension to do so from the Court, FF requests that the Court order EVelozcity to answer the FAC by no later than April 20, 2018.

FF filed the Complaint on January 29, 2018.  EVelozcity's responsive pleading to the Complaint was due on February 20, 2018.  On that date, EVelozcity filed a motion to compel arbitration.  FF filed the FAC on March 9, making EVelozcity's response to the FAC due on March 23, 2018.

On March 21, 2018 – two days before the deadline – EVelozcity filed an emergency *ex parte* application for a 30 day extension of its time to respond to the FAC. Dkt. 37. EVelozcity identified its "pending motion to Motion to [sic] Compel Arbitration of, and to Stay, Trade Secret Claim" as one of the bases for the requested extension. *Id.* at 1.  The Court denied that application on March 22, 2018, and ordered EVelozcity to respond to the FAC by March 30, 2018. Dkt. 41. Even though the Court rejected EVelozcity's requested extension to respond to the FAC on the basis of its pending Motion to Compel Arbitration, on the March 30 deadline, EVelozcity filed a one page "Notice of Previously-Filed Motion to Compel Arbitration and Supporting Papers in Response to First Amended Complaint" (Dkt. 48) instead of a responsive

1    pleading.[5]  To the extent EVelozcity intended to respond with a motion under Rule 12,

2    that motion should have been brought by no later than March 30.  Accordingly, FF

3    requests that the Court include in the Scheduling Order a deadline to answer the FAC,

4    and that the deadline be April 20, 2018.

5            **EVelozcity Statement:**

6            EVelozcity responded to FF's Complaint (Dkt. 1) with a Motion to Compel

7    Arbitration (Dkt. 19).  This is an appropriate response to a complaint, and EVelozcity

8    has never taken a contrary position in this litigation, nor has FF ever contended that

9    EVelozcity needed to answer its original Complaint.  FF then amended its complaint at

10   the same time that it opposed the Motion to Compel Arbitration (Dkt. 25).  FF cites no

11   authority for the proposition that EVelozcity cannot respond to an amended complaint

12   with a motion to compel arbitration.  EVelozcity sought to extend any response

13   deadline mandated by Rule 15(a)(3) to explicitly address the pendency of its Motion to

14   Compel Arbitration prior to the March 23, 2018 response deadline.  While the Court's

15   Order dated March 22, 2018 (Dkt. 41) required that EVelozcity respond to the First

16   Amended Complaint by March 30, 2018, it did not require that the response consist of

17   an answer or other responsive pleading, rather than a motion.

18   _____

19   [5]  EVelozcity indicated during the April 10 Informal Discovery Conference with the
     Magistrate Judge that its Notice complied with the Court's order to respond to the FAC.

20   But if EVelozcity really thought such a notice was a sufficient pleading, it is unclear
     why it sought the extraordinary remedy of *ex parte* relief for 30 days to respond to the

21   FAC.  Rather, EVelozcity's position had appeared to be that the pending Motion to
     Compel Arbitration was not a sufficient pleading, and that preparing such a pleading –

22   as opposed to a one-page Notice – required more than the time allotted by Rule

23   15(a)(3).

24   EVelozcity also suggests in its Statement below that its Motion to Compel Arbitration
     was filed under Rule 12, and that Rule 12(a)(4)'s fourteen day deadline would apply.

25   Yet Rule 12 is not invoked in either the Notice of Motion (Dkt. 19 at 2) or the "Notice

26   of Previously-Filed Motion to Compel Arbitration" (Dkt. 48).   Therefore Rule

27   12(a)(4)(A) does not apply (nor would EVelozcity have sought the emergency *ex parte*

28   application for a continuance if EVelozcity believed it did).

Rather than re-file the motion, which remained pending and fully addressed the First Amended Complaint, EVelozcity filed its Notice of Previously-Filed Motion to Compel Arbitration, incorporated EVelozcity's pending Motion to Compel Arbitration, and indicated that that motion applied to FF's First Amended Complaint.  It is therefore inappropriate to order EVelozcity to file a response to FF's First Amended Complaint until such time that the Court resolves EVelozcity's Motion to Compel Arbitration.  FF has stated no authority indicating that EVelozcity was required to answer the FAC in lieu of an arbitration motion.  If the Motion is denied, EVelozcity's responsive pleading will be due at such time that the Court orders.

Subject to its previously-articulated position that discovery has not yet commenced due to the pendency of its motions and FF's failure to identify its purported trade secrets, EVelozcity proposes the following case schedule under the presumption that the Court rules upon its pending motions by the end of April 2018:

**Proposed Schedules**

| **Deadline** | **FF Proposed Date** | **EVelozcity Proposed Date** |
|---|---|---|
| Rule 26(f) conference | April 2, 2018 | May 14, 2018 (on or before) |
| Initial disclosures due | April 20, 2018 | May 28, 2018 |
| Answer to First Amended Complaint due | April 20, 2018 | |
| Response to First Amended Complaint due | | Fourteen (14) days from any Order denying the Motion to Compel Arbitration |
| Amended pleading cutoff | August 15, 2018 | October 31, 2018 |
| Fact discovery cutoff | January 11, 2019 | March 29, 2019 |

Case No. 2:18-cv-00737-DMG
JOINT RULE 26(f) REPORT

| Fact discovery motion cutoff | January 18, 2019 | April 5, 2019 |
|---|---|---|
| Expert reports/disclosures due | February 11, 2019 | April 19, 2019 |
| Expert rebuttal reports due | March 8, 2019 | May 17, 2019 |
| Expert discovery cutoff | March 27, 2019 | May 31, 2019 |
| Deadline to file dispositive Motions | | June 10, 2019 |
| Deadline to file Expert Motions | March 27, 2019 | June 10, 2019 |
| Oppositions to dispositive Motions | | July 1, 2019 |
| Oppositions to Expert Motions | April 10, 2019 | July 1, 2019 |
| ADR pursuant to LR 16-15.4 | March 4, 2019 | May 31, 2019 |
| Motion in Limine Filing Deadline | March 28, 2019 | May 29, 2019 |
| Opposition to Motion in Limine | April 8, 2019 | June 12, 2019 |
| Joint Status Report re Settlement | March 25, 2019 | June 10, 2019 |
| Proposed Pretrial Conference Order | March 25, 2019 | June 3, 2019 |
| Contentions of fact/law | March 25, 2019 | June 3, 2019 |
| Pretrial Exhibit Stipulation | March 25, 2019 | June 3, 2019 |

08273-00001/9981163.1

| Joint Exhibit List | March 25, 2019 | June 3, 2019 |
|---|---|---|
| Witness Lists & Joint Trial Witness Times | March 25, 2019 | June 3, 2019 |
| Agreed Statement of the Case | March 25, 2019 | June 3, 2019 |
| Proposed Voir Dire Questions | March 25, 2019 | June 3, 2019 |
| Joint Jury Instructions & Disputed Instructions | March 25, 2019 | June 3, 2019 |
| Verdict Forms | March 25, 2019 | June 3, 2019 |
| Final pretrial conference and Hearing on Dispositive and Expert Motions | April 24, 2019 | July 15, 2019 |
| Proposed trial date | June 3, 2019 | July 29, 2019 |

DATED:  April 16, 2018          Respectfully submitted,

                                        QUINN EMANUEL URQUHART & SULLIVAN, LLP


                              By _____ /s/ *Charles K. Verhoeven*
                                   Charles K. Verhoeven
                                   *Attorneys for Plaintiff Faraday&Future, Inc.*

DATED:  April 16, 2018               Respectfully submitted,

                                     GOODWIN PROCTER LLP


                                     By _____/s/ Neel Chatterjee_____
                                        I. Neel Chatterjee
                                        *Attorneys for Defendant EVelozcity, Inc.*

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest under penalty of

perjury that concurrence in the filing of this document has been obtained from Neel

Chatterjee.

DATED:  April 16, 2018

                                     By _____/s/ Charles K. Verhoeven_____
                                        Charles K. Verhoeven