UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| FARADAY&FUTURE, INC, | ) | CASE NO: 2:18-CV-00737-DMG-RAO |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| EVELOZCITY, INC, | ) | Tuesday, April 10, 2018 |
| | ) | |
| Defendant. | ) | (11:09 a.m. to 11:46 a.m.) |


TELEPHONIC DISCOVERY HEARING

BEFORE THE HONORABLE ROZELLA A. OLIVER,
UNITED STATES MAGISTRATE JUDGE



<u>APPEARANCES</u>:

For Plaintiff:               DAVID A. PERLSON, ESQ.
                             Quinn Emanuel Urquhart & Sullivan
                             50 California St., 22nd Floor
                             San Francisco, CA 94111

For Defendant:               TODD A. BOOCK, ESQ.
                             BRENDAN E. RADKE, ESQ.
                             Goodwin Procter
                             601 S. Figueroa St., 41st Floor
                             Los Angeles, CA 90017


Court Reporter:              Recorded; CourtSmart

Courtroom Deputy:            Donnamarie Luengo

Transcribed by:              Exceptional Reporting Services, Inc.
                             P.O. Box 18668
                             Corpus Christi, TX 78480-8668
                             361 949-2988



Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1    <u>Los Angeles, California; Tuesday, April 10, 2018; 11:09 a.m.</u>

2                        **(Call to Order)**

3        **(Case called; in progress)**

4            **MR. PERLSON:**  . . . plaintiff, Faraday & Future.

5            **MR. BOOCK:**  Good morning, your Honor.  Todd Boock and

6    Brendan Radke for Defendant, EVelozcity, Inc.

7            **THE COURT:**  All right.  Good morning, everybody.

8    Thank you for participating telephonically in today's

9    conference call.  We are here today at the request of

10   EVelozcity regarding some discovery, sets of discovery that

11   have been propounded by the plaintiff.  As I -- summarizing

12   EVelozcity's position, it appears to be the objection or

13   opposition is that the discovery that's propounded or has been

14   propounded is premature.

15           Let me begin first either with -- is it Mr. Boock or

16   Mr. Radke? -- whoever will be speaking for EVelozcity.  Do you

17   want to fill in a little bit more?

18           **MR. BOOCK:**  Certainly.  Certainly, your Honor.  This

19   is Todd Boock.

20           Well, we -- at the outset, upon the discovery having

21   been served on February 23rd by opposing counsel's co-counsel

22   and predecessor firm, Irell, we responded by letter advising

23   that the discovery was premature for a variety of reasons.  The

24   first and probably primary reason is that the discovery is

25   prohibited under Rule 26.  It was -- no showing of good cause

1  had been made to have expedited discovery in advance of the

2  Rule 26(f) conference, and, you know, the Rule 26(d)(1) is very

3  clear that discovery is prohibited prior to that time.

4         The plaintiff's response to that was to refer to the

5  standing order of Judge Gee, which talks about it being

6  advisable for counsel to begin to conduct discovery acting --

7  actively before the scheduling conference, but it does indicate

8  that unless there is a likelihood that upon motion by a party,

9  the Court would order that any or all discovery is premature.

10  And in our view, due to other issues in the case, it was very

11  premature because at the same time that we received the

12  discovery we had filed a motion to compel arbitration, which is

13  still pending before Judge Gee.  It's been fully briefed.  The

14  hearing was originally set for March 30th, but Judge Gee took

15  the hearing off calendar and has not yet issued a ruling.

16         We also have filed a motion to disqualify the firm

17  Quinn Emanuel and initially objected to a substitute -- a

18  request for substitution and withdrawal of counsel on the

19  grounds that there was a conflict issue, that we would be

20  filing a motion to disqualify Quinn Emanuel, and in response

21  Judge Gee issued an order indicating that she would not grant

22  the request for withdrawal until the conflict issue was

23  resolved and set a briefing schedule and a hearing date on

24  April 13th.  And, so, that motion has also been fully briefed,

25  and that motion is set to be heard this Friday, April 13th.

1          And, so, that -- those -- those are three initial

2    bases for why we thought that discovery was premature.  Going

3    for a moment actually to the arbitration, our view is there is

4    a pending arbitration right now with individual respondents who

5    are employees of my client; and we have filed the motion to

6    compel arbitration for the case to be heard in that forum,

7    where the discovery scope and rules can be very different than

8    what we have here.  There is a reason why Rule 26 exists

9    prohibiting discovery prior to the Rule 26(f) conference.  And,

10   then, with the motion to disqualify pending, our view is that

11   Quinn Emanuel should not be representing the plaintiff in this

12   case because the defendant, EVelozcity, previously consulted

13   with the firm about this very matter, and so providing Quinn

14   Emanuel with what we view as potentially confidential

15   information related to the development of an electric vehicle

16   and trade secrets, as well as other information, would be

17   wildly inappropriate.

18          Another basis for this is that Quinn Emanuel --

19   excuse me -- that Faraday & Future, the plaintiff, has not

20   disclosed what their trade secrets are pursuant to Rule

21   2019.210 of the California code of Civil Procedure, and the

22   parties dispute whether 29.210 -- 2019.210 applies to this

23   case, but we have found plenty of federal rulings that do apply

24   that rule, and we also found analogous rulings from other

25   states and other circuits that would apply that rule.  And the

1   bottom line, to us, is that both parties are making electric

2   vehicles; it's hard for us to respond to discovery as to what

3   constitutes a trade secret when we're not being told what the

4   trade secrets at issue are.

5        We had asked Quinn Emanuel -- or the plaintiff,

6   pardon me, to agree to stay discovery and postpone these issues

7   pending the ruling on the motion to compel arbitration and on

8   the motion to disqualify, and they refused to do so.  So, we

9   did serve responses to the discovery in a timely fashion.  Our

10  responses constituted objections to each of the requests and,

11  obviously, a set of general objections.  The responses were

12  tailored to each of the requests because we thought that we had

13  to preserve our rights as to each of them, but we did state

14  objections on the bases that I've discussed earlier in my

15  presentation.  And, as a practical matter, because we have two

16  very substantive rulings that will affect the venue of this

17  case and whether the current plaintiff's counsel will remain as

18  plaintiff's counsel, it would appear to us that it would make

19  the most sense for all of this to be put over until those

20  rulings are issued.  And that is why we met and conferred and

21  requested a conference with your Honor for a protective order

22  so that we were not obligated to further respond to discovery

23  or -- or that discovery was held in abeyance until those issues

24  have been resolved.

25        The final issue that's part of our Rule twenty -- our

1    protective order -- and I understand that the plaintiffs don't

2    think it is appropriate to have this discussed before your

3    Honor; our view differs -- is that our contention is that the

4    Rule 26(f) conference, which, in our view, is a -- is a

5    discovery proceeding, should be postponed (indiscernible) for

6    the same reasons, that we have a -- we've moved to

7    (indiscernible) arbitration, and the discovery rules would be

8    very different, and that we have a motion to disqualify Quinn

9    Emanuel pending, and that it would be inappropriate to provide

10   disclosures to a law firm that we do not believe should be

11   representing the plaintiff.

12          But, again, circling back to the beginning, as a sort

13   of primary matter, under the law, the discovery was premature

14   due to the violation of Rule 26(d)(1) and the failure to make

15   any sort of showing of good cause.  And we've looked at rulings

16   from Judge Gee that have supported our position, and we have

17   not found a single order from Judge Gee or from your Honor that

18   would compel discovery without the plaintiff first making any

19   sort of showing of good cause prior to the Rule 26(f)

20   conference.

21          **THE COURT:**  Okay.  Thank you very much, Mr. Boock.

22          On behalf of the plaintiff, Faraday?  Mr. Perlson,

23   Mr. Judah, Mr. Gumaer -- or Ms. Gumaer?  Who's going to be

24   speaking on behalf of Faraday?

25          **MR. PERLSON:**  Good morning, your Honor.  This is

1    David Perlson.

2         **THE COURT:**  All right.  Good morning.  Thank you,

3    Mr. Perlson.

4         **MR. PERLSON:**  So, first of all, the -- Judge Gee's

5    order does explicitly provide that, in bold letters, it is

6    advisable for counsel to begin to conduct discovery actively

7    before the scheduling conference, and, so, consistent with that

8    directive, discovery was served on February 23rd.  It does say

9    also that unless there is a likelihood that upon motion by a

10   party the Court would order that all discovery -- that any or

11   all discovery is premature -- obviously, we disagree that

12   it's -- it's premature and -- or that there is any likelihood

13   that Judge Gee would, you know, order that the discovery need

14   not go forward or that the schedule should be adjusted

15   accordingly.  And it also goes on to say that at the very least

16   the parties shall fully comply with the letter and spirit of

17   Rule 26(a) and thereby obtain and produce most of what would be

18   produced in the early stage of discovery; because of the

19   scheduling conference, the Court will impose firm deadlines to

20   complete discovery.  In actuality, what's gone on is the

21   opposite of that, unfortunately.  While, you know, I understand

22   that, you know, defendant has its views as to the merits of its

23   motion to compel arbitration and motion to disqualify, no stay

24   of anything has been granted in relation to those, and, in

25   fact, they didn't even seek any relief in relation to this,

1   even in relation to this informal discovery conference, until

2   after they provided their responses to our discovery.

3          And I think -- and, additionally, there is a

4   reference to the Rule 26(f) conference.  The parties -- there

5   is no dispute that according to the Federal Rules of Civil

6   Procedure that the 26(f) conference was supposed to occur on

7   April 2nd.  And, you know, we repeatedly asked EVelozcity to

8   join such a conference, and they've declined to do so.  They

9   did not seek any relief from Judge Gee in relation to

10  postponing it; they just refused to do it.  And, so, the notion

11  that the discovery is premature in relation to the 26(f)

12  conference is particularly without merit because, you know,

13  they think it's, you know, a reasonable (indiscernible) to

14  suggest that they could delay discovery by simply refusing to

15  participate in the Rule 26(f) conference.  And the -- you know,

16  and if parties are able to delay things by simply serving --

17  you know, filing motions without having relief and engaging in

18  such self-help, you could just perpetually do that, and we'd

19  never get anywhere.  And that's -- that's not our understanding

20  of how things are supposed to work.

21         And, then, in relation to 2019 -- the 2019 statute,

22  you know, that is a California state statute relating to a

23  claim under California state law and relating to trade secrets.

24  There is no claim in this case.  It's -- the claim that we

25  raised is a federal claim, the Defense of Trade Secret Act, and

1    it has no corresponding provision to 2019.  And, so, there is

2    no basis to just refuse to -- to respond.  You know, we have

3    seen -- while there is some reference to some other cases, I

4    don't think that we've been provided with any cases that would

5    suggest that where the sole claim is a Defense of Trade Secrets

6    Act claim that 2019 should apply; which makes sense, because

7    there -- there is no reason why a California state statute

8    should apply to a federal cause of action.  We're not in

9    California -- we're not in California state court; we're in

10   federal court asserting a federal cause of action.  And, you

11   know, congress could have decided to provide a provision like

12   2019, but it didn't.  And, you know, so, we'd like to move

13   forward.

14          And another thing I'd additionally like to point out

15   is that, you know, one of the bases that -- you know, the logic

16   behind 2019, even if it did apply, is that you don't want to

17   provide discovery and then have someone identify the trade

18   secrets based on what they learned in -- in the discovery.  And

19   our requests -- many of our requests don't even implicate that

20   concern at all.  I mean, we're asking for documents and

21   communications and things that they -- that EVelozcity has that

22   are F.F.'s; so, you know, what -- you know, if there are F.F.

23   doc- -- you know, plaintiff's F.F. documents at EVelozcity,

24   those types of things.  And that really doesn't even implicate

25   the supposed concern that they're providing.  But instead of

```
 1   providing at least some discovery, they're just refusing to

 2   provide it altogether, and we don't think that that's proper.

 3            And another -- another -- a couple other points, and

 4   then I'll be done, is that, you know, they haven't served any

 5   interrogatory, and to the extent that in this case, you know,

 6   they want a list of trade secrets, they should propound an

 7   interrogatory seeking them.  They haven't done that, and --

 8   because they think discovery shouldn't go forward, so they're

 9   sort of trying to have their cake and eat it, too; that, you

10   know, they're demanding things that would be an appropriate

11   response to a discovery request, but yet they're saying that

12   discovery shouldn't be going forward.  So, we're kind of in

13   a -- put us in a catch-22.  And, you know, and they haven't

14   even responded to the complaint yet.  The judge -- the judge

15   had issued -- they had sought a motion to extend the date for

16   which they were to respond to the complaint for a month based

17   on the motion to compel arbitration and the motion to

18   disqualify, and the judge denied that request, instead

19   providing a one-week extension, which is what we had agreed to,

20   but even within that one week they still haven't responded to

21   the complaint.  So, not only are we not getting any discovery,

22   but they're in default.  So, you know, the case has been coming

23   to a grinding halt.  And I think that the denial of their -- of

24   the motion for extension shows that, you know, Judge Gee

25   doesn't view that the case goes to a grinding halt just because
```

1    they filed a couple motions.

2           **THE COURT:**  All right.  Thank you very much,

3    Mr. Perlson.

4           Mr. Boock, any response, briefly?

5           **MR. BOOCK:**  Yes.  I do briefly have a couple of

6    responses.

7           In our motion to compel arbitration we did seek a

8    stay of the litigation.  I did want to point that out.  The --

9    the -- I'm just going to go through a couple of the plaintiff's

10   arguments and our responses to that.

11          The plaintiff referred to the Rule 26 conference, how

12   it was supposed to occur on April 2nd, and repeatedly asked us

13   to participate.  We did respond to all of those requests and

14   explained our reasoning why we were not going to participate.

15   And, you know, Mr. Perlson made a comment that we had not asked

16   for any relief; but we had actually already met and conferred

17   and asked your Honor for the informal discovery conference

18   related to our motion for protective order.  We're following

19   the process that the Court has designated for us to file a

20   motion for protective order, and that was what we were in the

21   process of doing.  We believe that there is good cause here to

22   put over the Rule 26(f) conference until these motions are

23   decided and -- and, again, the hearing on the motion to

24   disqualify is Friday.  And I realize Judge Gee is not required

25   to rule on it on Friday, but we're not talking about six months

1   out; we're talking about very soon we're going to know what the

2   outcome of these rulings are.

3          With respect to 2019.210, we had sent a letter to

4   Quinn Emanuel's predecessor counsel on March 9th identifying

5   some case law supporting our basis for saying that 2019.210

6   applied; and, you know, the comment that many of the requests

7   don't implicate trade secrets, that causes us some concern,

8   because there is only one cause of action in the complaint, and

9   it's a Defend Trade Secrets Act claim, so if their requests

10  don't pertain to that, it would, in our view -- that discovery

11  would not be relevant to any -- would be outside the scope of

12  discovery.

13         There was an argument that we have not served any

14  interrogatories requesting trade secret information, but that

15  goes back to the fact that we have a pending motion to compel

16  arbitration.  And, so, in our view, discovery is not

17  appropriate for us to serve because we should be in a

18  completely different forum, and if Judge Gee denies our motion

19  to compel arbitration, we absolutely are going to be serving

20  discovery on the plaintiff.  And if we -- if she grants it,

21  we'll be serving it in -- at JAMS.

22         And the -- two more brief points.  Number one, I

23  don't quite understand the comment that we have not responded

24  to the complaint.  We responded to the initial complaint by

25  filing a motion to compel arbitration, which is a completely

1    appropriate way to handle a complaint.  And, then, a -- that

2    motion was still pending when plaintiff filed the first amended

3    complaint and our response was due.  So, in response to the

4    first amended complaint after Judge Gee's order, we filed a

5    notice that we had previously filed a motion to compel

6    arbitration because our response to that would have been to

7    file a motion to compel arbitration, but it didn't make any

8    sense for us to file another motion to compel arbitration when

9    the first one was pending.  So, the comment that we're in

10   default is not an accurate one.

11          But, again, just circling back, I would just refer

12   your Honor to Rule 26(d)(1).  There is nothing in Judge Gee's

13   standing order that -- that talks about trumping that rule, and

14   based on our review of various cases that Judge Gee has decided

15   on this very issue, consistently, unless a party has actually

16   filed a motion and made a showing of good cause, Judge Gee has

17   ruled that discovery is improper if it's served contrary to

18   Rule 26(d)(1) prior to the Rule 26(f) conference.  And there

19   has been no motion and no attempt to show good cause for -- for

20   expedited or early discovery.

21          **THE COURT:**  All right.  Thank you, Counsel, very

22   much.

23          I have reviewed some of the docket, not all of it.

24   I've, obviously, reviewed your email to the Court and

25   considered your arguments, and my ruling is that the discovery

1    here is premature before the Rule 26(f) conference.  When I

2    look at Judge Gee's initial standing order, in particular on

3    page three -- I think it's paragraph 3(b) -- I read that to --

4    as the Court encouraging the parties or the attorneys to begin

5    conducting discovery as soon as possible, but not mandating it,

6    and certainly not requiring it to begin prior to the Rule 26(f)

7    conference or otherwise countermanding or trumping the dictates

8    of that rule.  Typically, a motion to compel arbitration would

9    not be a reason, as I'm sure the attorneys know, to not comply

10   with discovery, but here I weigh heavily the fact that we are

11   before the Rule 26(f) conference.  I think that whether or not

12   there has been a showing of good cause or is any good cause,

13   that, as I think Mr. Boock has indicated or suggested or

14   implied, is something that would have to be taken to Judge Gee.

15   So, for those reasons, I'm not going to order or direct that

16   the defendant, EVelozcity, have to further comply with the

17   discovery that has been propounded.

18            I do think that because of the timing, as I see it,

19   Judge Gee will be addressing the motion to disqualify and

20   potentially the arbitration -- the motion to compel arbitration

21   soon, I think it is something that if you are in front of the

22   Court, I would encourage the attorneys to raise or to just flag

23   the proceedings that have occurred before the magistrate court.

24            Let me begin first with you, Mr. Perlson.  In light

25   of the Court's ruling, is there anything else that you want to

1   either put on the record or to raise with the magistrate court?

2          **MR. PERLSON:**  Yes.  Well, two things.  One -- one is

3   just a substantive response, and second is just a procedural

4   question so I understand how this is going to work going

5   forward.

6          First, the Rule 26(f) conference, by rule, was

7   supposed to have occurred April 2nd.  Plaintiff -- I mean

8   defendant has simply declined to participate.  So, it's -- it's

9   not that it hasn't -- you know, that that date hasn't occurred

10  yet.  The due date for that was April 2nd.  And, so, at a

11  minimum, it would seem that these requests should be deemed

12  served as of that date, and then they can respond after that,

13  and then, presumably, you know, these -- these issues -- I

14  agree with defendant that these issues will likely be resolved

15  soon, and they'd likely be resolved by then.  And, but it seems

16  unfair that they should be able to engage in self-help and

17  avoid discovery simply by refusing to participate in the Rule

18  26(f) conference.

19         And my second question was simply more procedural to

20  understand the process in terms of, you know, getting a ruling

21  and how we're supposed to provide our position to your Honor in

22  advance of these conferences.  You know, we -- I think,

23  frankly, both sides provided a -- you know, really just stated

24  some positions and didn't really provide, you know, specific

25  argument in relation to it, and I didn't think that we were

1    going to -- that that was something that your Honor wanted.

2    But if that, going forward, if that is something that you would

3    like, in the event you're going to be issuing rulings at these

4    conferences --

5              **THE COURT:**  Uh-huh.

6              **MR. PERLSON:**  -- I think that probably would be

7    helpful to both sides.

8              **THE COURT:**  I see.  So, well, I guess let me, then,

9    if you feel like you need to -- to submit a letter briefing, if

10   you feel like somehow you've been prejudiced by the Court kind

11   of ruling informally, then I -- you can -- I suppose we could

12   set a quick turnaround.  I guess, though, what I was attempting

13   to provide here is that I really think that this is something

14   that you would have to go before Judge Gee.  I appreciate the

15   argument, that if the other side is somehow trying to avoid the

16   Rule 26(f) conference to avoid or delay the trigger of the

17   start or the beginning of discovery, I still think that you

18   would have to go before Judge Gee.  And I think, especially

19   because of my interpretation of her standing order where she

20   encourages but does not order or require the parties to engage

21   in discovery before the scheduling conference, that I simply

22   would not have the authority to do that.  So --

23             **MR. PERLSON:**  Understood, your Honor.  And let me

24   just take one more run here, and --

25             **THE COURT:**  Okay.

1          **MR. PERLSON:**  -- I understand where you're coming

2    from.  I guess I'd say two things.

3          One, it's -- it's the Federal Rules of Civil

4    Procedure that require the parties to engage in a Rule 26

5    conference -- (f) conference by a certain date.  That date was

6    April 2nd, and there's not any dispute about that.  So, to the

7    extent that anybody needs to be seeking relief in relation to

8    that, it shouldn't be us; it should be them.  And, so, I would

9    think that that -- you know, that that is why I think that, at

10   a minimum, these requests should be deemed served as of

11   April 2nd, because no matter what the rules said about what

12   should or shouldn't be done before that Rule 26 conference,

13   that Rule 26 conference should have occurred already, by the

14   rules.  So, you know, it really doesn't even matter what -- you

15   know, I understand or appreciate your -- your interpretation of

16   Judge Gee's standing order, but even putting that aside, we

17   should have been able to have a Rule 26 conference and serve

18   discovery by that date, and the only reason that we haven't had

19   the Rule 26 conference is that defendants just won't join in

20   it.  And that, to me, shouldn't -- you know, we would submit

21   doesn't -- isn't something that we should have to get relief

22   from Judge Gee on; that's just how the rules should work.  And

23   that -- and, thus, you know, they should be deemed served as of

24   April 2nd.

25          **THE COURT:**  Well, I guess, though, then --

1        **MR. BOOCK:**  May I -- oh, I'm sorry.

2        **THE COURT:**  -- we get into a, I feel like, such a

3   counterfactual that almost it would be so premature, then, for

4   you to be in front of the Court.  The fact is that the

5   discovery was propounded well in advance of the Rule 26(f).  If

6   you wanted to re -- if your position is that their failure to

7   participate in the conference on April 2nd somehow the clock

8   starts on that date, then you could re-propound -- deem that

9   the effective date, but, I mean, I think, what, we're about --

10  what is it, the 10th?  April 10th?  I think, then, it would be

11  so premature, then, to come to the Court -- this Court, the

12  Magistrate Court -- almost for an advisory opinion.  So, I

13  guess, those are my initial responses to that.

14       I also think, given what is pending in front of Judge Gee,

15  I mean, as I have indicated, ordinarily, motions to compel

16  arbitration, my experience is that district judges don't allow

17  the parties to impose their own stay, unilateral stay of

18  discovery; it's understood that discovery will proceed apace.

19  But you also have this other motion for disqualification, and

20  it looks like Judge Gee is going to be turning to that very

21  soon, and I think that for -- for all of those reasons, this is

22  something really that needs to be placed in front of Judge Gee;

23  again -- and we may disagree, Mr. Perlson, but especially based

24  on my interpretation of Judge Gee's standing order.

25       **MR. PERLSON:**  Understood, your Honor.  And the -- we

1    will raise the issue with -- with Judge Gee, as -- as you've

2    directed.

3              **MR. BOOCK:**  Your Honor, may I --

4              **THE COURT:**  Mr. Boock, do you --

5              **MR. BOOCK:**  -- may I make a comment in response, if

6    that's okay?

7              **THE COURT:**  Yes.

8              **MR. BOOCK:**  All right.  This is Todd Boock.

9              I just want to clarify that defendant did not refuse

10   to participate in the Rule 26(f) conference.  Defendant refused

11   to participate at that time based on what was pending.  We

12   absolutely are more than willing to participate in a Rule 26(f)

13   conference at the appropriate time.

14             And, you know, with respect to -- and I understand

15   what you said about the motion to compel arbitration, and

16   giving sort of a self-stay on discovery.  However, as you

17   noted, given the fact that the motion to compel arbitration and

18   the motion to disqualify are both pending and are both

19   happening so soon, it just, as a practical matter, and because

20   of the fact we're dealing with a trade secrets case, and our

21   view is that this counsel should not be representing the

22   plaintiff, at the very least, those issues should be decided

23   before we start making -- setting up disclosures and making

24   disclosures.

25             But my -- my question for you is, you had indicated

1    that this should be placed before Judge Gee.  Were you

2    referring to just raising it at the hearing on Friday?

3            **THE COURT:**  Well, I think that you can.  I would flag

4    it that you -- almost as an -- as part of a procedural

5    history -- and, obviously, we'll issue a minute order that will

6    memorialize what -- what we discussed and what my -- my

7    thoughts and my ruling on this are -- but it seems to me, if --

8    I guess, let me -- let me phrase this carefully.  Given the

9    posture and the fact that the Rule 26(f) conference has not

10   occurred -- and I understand that -- the parties' statements

11   about why that did and did not -- it is premature in this

12   Court, meaning me -- I do not have the authority to direct

13   discovery, that this is something that whichever side wants to

14   begin this discovery process needs to go in front of Judge Gee

15   for.  And, again, that is based on my interpretation of her

16   standing order.

17           **MR. BOOCK:**  And that leads me to another -- a related

18   question, which is, part of our motion to -- motion for

19   protective order, which was what was the impetus initially for

20   defendant reaching out to your Honor for this conference,

21   related to the Rule 26(f) conference being part of that

22   protective order.  So, my question is, based on what you're

23   saying, are you -- are you telling us that that is not

24   something that would be appropriately before you, that portion

25   of a protective order, that would be something before Judge

 1   Gee?

 2              **THE COURT:**  That's right.  That's right.

 3              **MR. BOOCK:**  Okay.

 4              **THE COURT:**  And if -- and if -- I don't mind at all

 5   if Judge Gee says, "Oh, you know, Magistrate Judge Oliver got

 6   that entirely wrong."  It's 100 percent appropriate for her to

 7   do that.  That's fine.  You can come back to me.  But until I

 8   hear that, I'm not going to -- to make that decision.  So --

 9              **MR. BOOCK:**  Understood.

10              **THE COURT:**  Okay?

11              **MR. BOOCK:**  Thank you, your Honor.

12              **THE COURT:**  Thank you.  Thank you, everybody.

13              **MR. PERLSON:**  Thank you, your Honor, very much.

14   What -- and I'm not -- I'm not going to try to argue any more.

15   But I would -- I just would like, in terms of just the guidance

16   for going forward for us, in terms of what you would like to

17   see in advance of the informal conference.  Would you like a

18   little bit more argument than what we had included?  Or is the

19   way that both parties provided just sort of a list of the

20   issues with a very short statement of their -- of what it is

21   they're looking for what you would prefer?

22              **THE COURT:**  I found -- I found it sufficient,

23   especially in combination with being able to go over the

24   docket.  I am -- I try to be sensitive to the fact that there

25   are tradeoffs in the informal approach, and I don't want a

```
 1    party to feel like it has been prejudiced by an inability to
 2    brief an issue more fully.  So, I do -- I will consider or even
 3    allow briefing on a matter if a party -- if an attorney for a
 4    party feels that it's really appropriate, that I haven't been
 5    able to thoughtfully weigh the issues.  Here I -- I -- and I
 6    mention that, Mr. Perlson; I -- I think that -- I guess what
 7    I'm saying is I really think you need to be in front of Judge
 8    Gee almost as a threshold matter.  So, that's -- that's why, in
 9    my view, I don't think that more briefing is necessary, and I
10    felt like what was supplied to the Court was sufficient.  So --
11            MR. PERLSON:  That's very helpful.  And I was not
12    asking in relation to this matter, specifically.  We have no
13    intention of taking any further of your time on this or
14    submitting any briefing.  It was purely in relation to in the
15    event that we were before you in a -- for a different dispute
16    that we provide something that's helpful to you and what you're
17    looking for.
18            THE COURT:  So, I will say that if it's something
19    that can't be decided without briefing, I do -- I do depart
20    from the local rules, and I just ask for letter briefing, and
21    it's usually submitted simultaneously if it's -- I think it's
22    required or the parties ask for it.  I will then allow a
23    response to the submission of the letter briefing, a short time
24    after it's received; but, really, what I'm trying to achieve is
25    a more expedited approach to just very quickly get to a
```

1    resolution.  Typically -- and I don't think I'm saying anything

2    surprising.  Typically, these come to the Court when there's

3    not much time left in the discovery period, and so that's why I

4    try to adopt a more expedited schedule.  I mean, that's --

5    that's not the case here, but that's just to give you

6    background on why I proceed that way.

7              **MR. BOOCK:**  And --

8              **MR. PERLSON:**  That's all very helpful, your Honor.

9    Really appreciate your time.

10             **THE COURT:**  Thank --

11             **MR. BOOCK:**  And, your Honor, I'm sorry; one last

12   thing related to that so we're all on the same page.  What I'm

13   gathering from what you're saying is that, you know, if either

14   of the parties want to do briefing, that we should, in

15   connection with contacting you to set up a conference or

16   contacting your assistant to set up a conference, that we would

17   indicate that we would like to do briefing and that you would

18   then set a briefing schedule?  You're not suggesting -- or

19   please correct me if I'm wrong -- that we just would submit

20   briefing to your Honor, that your Honor would set a schedule.

21             **THE COURT:**  That's correct.  Yes.  That's correct.

22             **MR. BOOCK:**  Okay.

23             **THE COURT:**  That's correct.

24             **MR. BOOCK:**  Okay.  Thank you very much.

25             **THE COURT:**  Okay.

1          **MR. BOOCK:**  We really appreciate your time.

2          **THE COURT:**  Thank you, everybody.  Thank you very

3     much.

4          **MR. PERLSON:**  Thank you, your Honor.

5          **THE COURT:**  Court is adjourned.

6      **(Proceeding was adjourned at 11:45 a.m.)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    **April 25, 2018**

                Signed                                              Dated


                        *TONI HUDSON, TRANSCRIBER*