JAMES D. GATTA
(admitted *pro hac vice*)
JGatta@goodwinlaw.com
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax.: 212.355.3333

ANDREW KIM (SBN 288925)
AndrewKim@goodwinlaw.com
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax.: 202.346.4444

Attorneys for Defendant:
EVelozcity, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FARADAY&FUTURE, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>EVELOZCITY, INC.,<br><br>  Defendant. | Case No. 2:18-cv-00737-DMG-RAO<br><br>**DEFENDANT EVELOZCITY, INC.'S APPLICATION FOR AN ORDER CONDITIONALLY SEALING POST-HEARING MEMORANDA**<br><br>Date:       April 27, 2018<br>Time:       10:00 a.m.<br>Courtroom: 8C<br>Judge:      Hon. Dolly M. Gee |

# APPLICATION

Pursuant to Local Rule 79-5.2.2, Rule 18 of this Court's standing order, and this Court's order conditionally sealing the proceedings of April 27, 2018 (Dkt. No. 83), Defendant EVelozcity, Inc. ("EVelozcity" or "Defendant") hereby submits an application for an order requiring post-hearing memoranda regarding EVelozcity's Motion to Disqualify Quinn Emanuel Urquhart & Sullivan LLP as Counsel for Faraday & Future, Inc. (Dkt. No. 46) be filed conditionally under seal.

On April 27, 2018, this Court held an evidentiary hearing in connection with EVelozcity's Motion to Disqualify. Dkt. No. 83. The hearing was sealed conditionally "pending this Court's determination as to whether any confidential information elicited during the evidentiary hearing warrants continued sealing." *Id.* During that hearing, this Court ordered the parties to file supplemental briefs that analyze whether "what was communicated during" a conversation between Andrew Wolstan, EVelozcity's general counsel, and attorneys from Quinn, "was confidential." 4/27/18 Public Hrg. Tr. 8:18-19.

The parties' post-hearing memoranda of law will contain references to testimony from the sealed portion of the April 27 hearing, in addition to materials submitted to this Court *in camera*. Kim Decl. ¶¶ 4, 5. EVelozcity submits that these materials are protected by the attorney-client privilege and thus should be sealed permanently. *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012) ("Attorney-client privileged materials, of course, are archetypal examples of material that has traditionally been kept secret for important policy reasons."); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) ("Few documents are categorized [as traditionally kept secret] because the consequences are drastic—'there is no right of access to documents which have traditionally been kept secret for important policy reasons,' meaning a party need not show 'compelling reasons' to keep such records sealed."); *Moreno v. SFX Entm't, Inc.*, No. 14-0880, 2015 WL 12683794, at *3 (C.D. Cal. Aug. 28, 2015) ("No showing of

'compelling reasons' for sealing the requested documents is . . . required."). Because the memoranda of law will analyze the communications discussed under seal and the application of the attorney-client privilege, even legal analysis may inadvertently reveal privileged information—accordingly, the memoranda, too, should be conditionally sealed until this Court determines which communications are privileged.

EVelozcity acknowledges that this Court's decision on the Motion to Disqualify will be determinative of whether sealing is necessary. 4/27/18 Public Hrg. Tr. 6:2-5. To ensure that communications determined by this Court to be privileged remain protected and confidential, and for judicial convenience, EVelozcity requests that this Court conditionally seal the entirety of the post-hearing memoranda of law filed by EVelozcity and Quinn's conflicts counsel, in addition to any sealed or *in camera* materials cited or discussed therein. The conditional seal should remain in place while this Court decides the Motion to Disqualify. If the Court grants the Motion to Disqualify in whole or in part, the parties should have 14 days following the Court's decision to file redacted versions of their respective memorandum of law.

Pursuant to Local Rule 79-5, counsel for EVelozcity notified Quinn's conflict counsel of EVelozcity's intent to file this Application and the substance of the Application. Kim Decl. ¶ 6. Conflicts counsel for Quinn contends that the underlying materials are not protected by the attorney-client privilege and not confidential, but does not object to the conditional sealing of materials that refer to sealed exhibits or testimony. *Id.* Conflicts counsel for Quinn does object to requests by EVelozcity to seal (conditionally or otherwise) the parties' non-confidential legal arguments and references to public or otherwise non-confidential information. *Id.*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 4, 2018 | By: /s/ James D. Gatta<br>JAMES D. GATTA<br>(admitted *pro hac vice*)<br>*JGatta@goodwinlaw.com*<br>ANDREW KIM (SBN 288925)<br>*AndrewKim@goodwinlaw.com*<br>**GOODWIN PROCTER LLP**<br><br>Attorneys for Defendant:<br>EVELOZCITY, INC. |