UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-737-DMG (RAOx) | Date | June 27, 2018 |
| Title | Faraday&Future, Inc. v. Evelozcity, Inc. | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE JOINT STATUS REPORT REGARDING CONDITIONALLY SEALED MATERIALS [101]**

On May 30, 2018, this Court issued an Order on Defendant EVelozcity, Inc.'s ("EV") motion to disqualify Plaintiff Faraday&Future, Inc.'s ("FF") counsel. [Doc. ## 98 (redacted), 99 (under seal).] Therein, the Court directed the parties to review the conditionally sealed materials and submit a Joint Report as to their respective positions on the treatment of those materials. *Id*. On June 11, 2018, EV and FF submitted the Joint Status Report ("Report") now before the Court. [Doc. # 101.]

The parties agree that EV's and FF's post-hearing memoranda [Doc. ## 89, 90]; the transcript of the April 27, 2018 evidentiary hearing [Doc. # 83]; and the redactions on pages 13 and 14 of the Court's sealed May 30, 2018 Order [Doc. # 99] may be unsealed in their entirety. Joint Report at 2–4. The Court therefore **directs the Clerk to UNSEAL** those documents. The Court recognizes that EV has already filed its post-hearing memorandum publicly. [Doc. # 102.]

The parties dispute whether the now-sealed exhibits to the Bolt Declaration [Doc. ## 90-1, 90-2] and the Olivar Declaration [Doc. # 90-3, 90-4] should be publicly available. EV contends the documents "may be subject to a protective order, which the parties have not yet negotiated and this Court has not yet entered," and it seeks to keep the documents under seal, apparently as a prophylactic measure. *Id.* at 2–3. In response, FF argues that EV has not demonstrated sufficient cause to overcome the strong presumption of public access in connection with the documents. *Id.* at 3.

FF is correct. That parties have deemed certain documents as confidential pursuant to a protective order is not a sufficient showing for sealing such documents. *See* C.D. Cal. L.R. 79-5.2.2(a)(1). Here, EV has not even moved for a protective order, and it presents no other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-737-DMG (RAOx) | Date | June 27, 2018 |
|---|---|---|---|
| Title | *Faraday&Future, Inc. v. Evelozcity, Inc.* | Page | 2 of 2 |

arguments in support of keeping the filings under seal. Further, as FF points out, the information in those exhibits is now publicly available. The Court therefore **directs the Clerk to UNSEAL** those documents.

Finally, the parties dispute whether the redactions on page 11 of the public version of this Court's May 30, 2018 Order should remain sealed, and they present the same arguments in support of their respective positions. For the reasons discussed above, EV's arguments in favor of maintaining the redactions fail. The Court therefore **directs the Clerk to UNSEAL** the May 30, 2018 Order in its entirety.

**IT IS SO ORDERED.**