Mark Holscher (SBN 139582)
mark.holscher@kirkland.com
Diana M. Torres (SBN 162284)
diana.torres@kirkland.com
Tammy Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant
EVelozcity Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FARADAY&FUTURE INC., <br><br> Plaintiff, <br><br> vs. <br><br> EVELOZCITY INC., <br><br> Defendant. | CASE NO. 2:18-cv-00737-DMG-RAO <br><br> The Honorable Dolly M. Gee <br><br> **DEFENDANT'S RESPONSE TO QUINN EMANUEL URQUHART & SULLIVAN, LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF** <br><br> Hearing Date: December 7, 2018 <br> Time: 9:30 a.m. <br> Courtroom: 8C |

On November 7, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") filed a motion to withdraw as counsel of record for Plaintiff Faraday&Future Inc. ("FF"). Dkt. 127 (the "Motion"). In support of the Motion, in-house counsel for FF, Brian Fritz, submitted a declaration stating that FF consents to Quinn Emanuel's withdrawal, that FF cannot pay Quinn Emanuel's fees, and that "FF intends to locate replacement counsel." Dkt. 128 (the "Fritz Declaration") at ¶ 2. Neither the Motion nor the Fritz Declaration provides any indication of when FF will have substitute counsel.

While Defendant EVelozcity Inc. ("EVelozcity") is sympathetic to Quinn Emanuel's situation,[1] EVelozcity disagrees with Quinn Emanuel's claims that "permitting Quinn Emanuel leave to withdraw will not prejudice FF or any other party." Mot. at 2. FF filed this action in January 2018, making inflammatory and unfounded allegations that EVelozcity had misappropriated massive amounts of unspecified "trade secrets." The Court set a schedule that sets an early mediation deadline of February 22, 2019 and that requires discovery to be completed by June 7, 2019. Dkt. 125-1. Whether because of the situation between FF and Quinn Emanuel or for other reasons, FF has delayed providing critically important discovery for months, significantly prejudicing EVelozcity. If Quinn Emanuel is allowed to withdraw, the harm that EVelozcity has been suffering due to FF's dilatory conduct will only be exacerbated by Quinn Emanuel's proposed withdrawal absent appropriate relief from this Court.

---

[1] Evelozcity lacks sufficient information to assess Quinn Emanuel's assertion that withdrawal is necessary. The Court has ordered Quinn Emanuel to submit a declaration providing the details of FF's inability to comply with the terms of the retention agreement and a declaration explaining the amount of time needed to locate substitute counsel. *See* Dkt. 129. These declarations may include additional information relevant to EVelozcity's position regarding the appropriateness of Quinn Emanuel's withdrawal under these circumstances. Therefore, EVelozcity respectfully requests an opportunity to submit a supplemental statement to the extent required to address new, non-privileged information regarding substitute counsel provided by Quinn Emanuel on November 26, 2018.

For instance, FF has still not identified the trade secrets it claims EVelozcity stole. On September 21, 2018, EVelozcity served an interrogatory asking FF to identify its alleged trade secrets with particularity, but FF has not responded to it. Ex. A (EVelozcity's First Set of Interrogs.), at Interrog. No. 1.[2] EVelozcity also asked FF to identify its trade secrets with its initial disclosures, but FF refused. In what can most charitably be called gamesmanship, FF pointed to EVelozcity's interrogatory, indicating that it would provide its list of trade secrets in response to the same interrogatory to which it has since refused to respond: Dkt. 122 at 4 (stating that "FF's objections and response to this interrogatory are due on October 22, 2018" and representing to the Court that "FF believes it is more appropriate to follow the Federal Rules and provide interrogatory responses in the ordinary course (which are due ten days after the Rule 16 Scheduling Conference).").

FF's discovery responses contain numerous other unresolved deficiencies, leaving EVelozcity with virtually no discovery with which to prepare its defense. Specifically, Faraday has failed to confirm the relevant time period for its responses, failed to provide a time certain for document production, impermissibly narrowed or otherwise failed to respond to 14 document requests, and merely offered to meet and confer on 23 other document requests. *See* Ex. B (10/30/2018 Ltr. from B. Yaghoubian to J. Judah). Per Local Rule 37-1, EVelozcity repeatedly asked FF to meet and confer in person (*see* Ex. C (11/07/2018 E-mail from B. Yaghoubian to J. Judah); *see also* Ex. B at 10-11), which Quinn Emanuel initially refused to do. *See* Ex. D (11/08/2018 E-mail from J. Judah to B. Yaghoubian). Although the parties met and conferred on November 9, 2018, FF had no substantive response to any of the discovery issues EVelozcity raised in its correspondence, and instead took the position that all outstanding discovery disputes should be deferred until after substitute counsel is brought in. *See* Ex. E (11/09/2018 E-mail from B. Yaghoubian to J. Judah). FF

---

[2] Exhibits referenced herein are attached to the Declaration of Benjamin Yaghoubian, filed concurrently herewith.

also could not provide a date certain for when it would begin production of documents not in dispute or any additional information regarding FF's retention of replacement counsel. *Id.* At bottom, EVelozcity has been diligent in conducting its investigation, preparing defenses, and complying with the scheduling order. In stark contrast, FF has failed to prosecute the case and has stalled EVelozcity's attempt to take discovery.

Nonetheless, based on the facts currently available to EVelozcity, EVelozcity does not now oppose Quinn Emanuel's Motion provided that FF locates substitute counsel promptly and that such substitute counsel commits to the Court to move expeditiously to provide substantive discovery responses and to produce documents to EVelozcity to remedy the prejudice that FF's dilatory conduct has caused. If FF fails to retain substitute counsel willing and able to do so forthwith, EVelozcity respectfully requests that the Court dismiss this action with prejudice. As the Court correctly noted in its minute order requiring further filing from Quinn Emanuel, "Plaintiff's complaint may be dismissed if Plaintiff does not locate replacement counsel to represent it." Dkt. 129 at 1, n.1; *see also* C.D. Cal. L.R. 83-2.2.2 ("Only individuals may represent themselves *pro se*. No organization or entity of any other kind . . . may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.").

The Court's finding is supported by federal procedural law. In *Almont Ambulatory Surgery Ctr.*, plaintiffs' counsel withdrew from representation because plaintiffs could not pay its fees. *Almont Ambulatory Surgery Ctr., LLC v. Int'l Longshore & Warehouse Union*, No. CV-14-02177-MWF-VBK, 2016 WL 10518904, at *2 (C.D. Cal. May 16, 2016). The Court dismissed the action **with prejudice** after plaintiffs failed to retain substitute counsel, even after the Court ordered them to do so. *Id.* ("[A]lthough they have been warned, both by the Court and [their former counsel], that they cannot proceed *pro se* in this action, Plaintiffs have failed to retain counsel. Therefore, ***the action must be dismissed***.") (emphasis added); *see also Ringgold Corp. v. Worrall*, 880 F. 2d 1138, 1142 (9th Cir. 1989) (affirming dismissal

of corporate plaintiff's claims and granting default judgment on counterclaims against plaintiff when plaintiff failed to retain substitute counsel after its attorney withdrew). Moreover, this case should be much further along in discovery and any substitution must occur promptly so as not to cause further delay and prejudice to EVelozcity. *See* C.D. Cal. L.R. 83-2.3.5 ("[N]o substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion.").

## CONCLUSION

For the foregoing reasons, EVelozcity does not now oppose Quinn Emanuel's Motion to Withdraw based on the the information currently available to EVelozcity. Nonetheless, should Quinn Emanuel's Motion be granted, EVelozcity respectfully requests that the Court: (1) order FF to retain substitute counsel within 14 days of the hearing that is willing and able to provide EVelozcity with the discovery to which it is entitled, and (2) dismiss the action with prejudice if FF fails to retain such substitute counsel within this time.

DATED: November 16, 2018

Respectfully submitted,

KIRKLAND & ELLIS LLP

By:   /s/ Mark Holscher
      Mark Holscher

Attorneys for Defendant
EVelozcity Inc.