# EXHIBIT A

1  Mark Holscher (SBN 139582)
   mark.holscher@kirkland.com
2  Diana M. Torres (SBN 162284)
3  diana.torres@kirkland.com
   Sierra Elizabeth (SBN 268133)
4  sierra.elizabeth@kirkland.com
5  KIRKLAND & ELLIS LLP
   333 South Hope Street
6  Los Angeles, CA  90071
7  Telephone:  213-680-8400
   Facsimile:   213-680-8500
8
9  *Attorneys for EVelozcity Inc.*
   [Additional Counsel on Signature Page]
10

11              UNITED STATES DISTRICT COURT
12       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
13

14  FARADAY&FUTURE INC.,            ) CASE NO. 2:18-cv-00737-DMG
                                    )
15         Plaintiff,                ) The Honorable Dolly M. Gee
                                    )
16                                  )
                                    ) **DEFENDANT EVELOZCITY INC.'S**
17     vs.                          ) **FIRST SET OF**
                                    ) **INTERROGATORIES TO**
18  EVELOZCITY INC.,                ) **PLAINTIFF FARADAY & FUTURE,**
19                                  ) **INC.**
           Defendant.                )
20                                  )
21                                  )
                                    )
22  _____)

Defendant's First Set of Interrogatories to Plaintiff

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of this District, Defendant EVelozcity Inc. ("EVelozcity" or "Defendant") hereby requests that Plaintiff Faraday&Future, Inc. ("FF" or "Plaintiff") respond to the following interrogatories. For definitions and instructions relating to these requests, please refer to the sections below titled "Definitions" and "Instructions."

If FF comes into possession, custody, or control of responsive documents between the time of initial production and the time of trial, Plaintiff requests that Faraday supplement its earlier production by promptly producing such documents.

## DEFINITIONS

1. "You," "Your," "FF," "Faraday," or "Plaintiff" means, unless otherwise specified in a particular request, plaintiff Faraday & Future, Inc. and includes, without limitation, its agents, representatives, attorneys, employees, members, managers, officers, directors, successors, predecessors, parents, subsidiaries, investigators, accountants, or other person or entity acting or purporting to act on its behalf.

2. "Action," as used herein, means Faraday&Future, Inc., v. EVelozcity Inc., Case No. 2:18-cv-00737-DMG.

3. "Complaint" means the First Amended Complaint filed by Plaintiff in this Action, and includes any operative complaint filed thereafter.

4. "Document" means all "writings," "recordings", and Communications, including, but not limited to, all writings and records of every type and description including, but not limited to, Communications, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of instant message ("IM") conversations, records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded

or preserved. Without any limitation on the foregoing, the term "Document" shall include all copies which differ in any respect from the original or other versions of the document, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind. Without any limitation on the foregoing, the term "Document" shall include all formats, including hard copy and electronic versions. Furthermore, without any limitation on the foregoing, Document also means all "writing" within the meaning of California Evidence Code Section 250.

    5.   "Thing" or "Things" means any tangible object other than a document as defined herein, and includes objects of every kind and nature.

    6.   "Communication" means, without limitation, the exchange or transmission of words, ideas, information, or Things to another person or entity, whether accomplished person to person, by telephone, in writing, via electronic mail ("email"), instant message ("IM"), blog, or through another medium, including but not limited to WeChat and Weibo, and shall include but is not limited to discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes and statements or questions.

    7.   "Person" means, without limitation, any natural person, corporation, partnership, limited partnership, association, group, organization or entity, any federal, state or local government or any governmental, administrative or regulatory agency, office, bureau, department or body, and shall include the present and former officers, executives, partners, and any other person acting or purporting to act on behalf of any of them, and any of their present or former parent corporations, subsidiaries, affiliates, divisions, predecessors and successors in interest.

    8.   The terms "relate to," "relating to," "in relation to," or "concerning" any given subject mean, without limitation, reflecting, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing,

mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

9. "EVelozcity" means EVelozcity Inc., and any of its directors, officers, managers, members, agents, or employees.

10. "Alleged Trade Secrets" means anything that You allege or contend is a trade secret that was misappropriated by EVelozcity, directly or indirectly, including through any former employee of FF, and including without limitation, as contained in Your operative complaint in this Action, Your Response to EVelozcity's Interrogatory No. 1 in this Action, as well as any further explanation and/or description of the same. Nothing herein shall be construed as an admission that FF has adequately identified its Alleged Trade Secrets and Respondents expressly reserve all rights regarding the same.

11. "Accused Instrumentality," as used herein, means each product, apparatus, device, process, method, act, or other instrumentality of EVelozcity that FF alleges constitutes misappropriation of one or more of the Alleged Trade Secrets.

12. "Identify"

(i) when applied to facts and/or circumstances, means to describe completely and with particularity all known facts, actions, events, occurrences, conduct, circumstances, dates, times, participants, and communications relating to the item in question;

(ii) when applied to persons (as defined herein), means to identify all persons involved in the matter that is the subject of the inquiry, including names, addresses, job titles, employers, and last known locations;

(iii) when applied to trade secrets, means to describe the alleged trade secret with at least the same particularity as required by California Code of Civil Procedure section 2019.210;

(iv) when applied to documents or things, means to identify the document or thing by production number (or another suitable unique identifier), along

with the specific page number, pin cite, part, and/or portion of the document or thing that reflects, refers to, embodies, and/or discloses the subject at issue.

## INSTRUCTIONS

The following instructions apply to the interrogatories below and should be considered part of each interrogatory.

1. Separate and complete sworn responses (or, as the case may be, separate objections) are required for each interrogatory or subpart.

2. If you object or otherwise decline to set forth in your response any of the information requested by any interrogatory, set forth the exact grounds upon which you rely with specificity so as to permit the Court to determine the legal sufficiency of your objection or position, and provide the most responsive information you are willing to provide without a court order.

3. These interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

4. If you are unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. In addition, answer each such interrogatory to the fullest extent possible, specifying your knowledge, and your inability to answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions of the interrogatory.

5. If you object to any interrogatory or any portion of any interrogatory on the ground that it requests information that is privileged (including the attorney-client privilege) or falls within the work product doctrine, provide the following information: the nature of the privilege or doctrine you claim; the basis for claiming privilege; if a document, (i) identify it, (ii) identify all parties known to you who have seen the document, and (iii) describe the subject matter of the document; and, if an oral communication, describe it.

6. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of the interrogatory any information that might otherwise be considered beyond its scope.

7. The words "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the interrogatory most inclusive.

8. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

9. None of the definitions or interrogatories set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definitions or an interrogatory.

10. For any response in which Plaintiff relies upon Federal Rule of Civil Procedure 33(d), the documents upon which Plaintiff relies shall be identified by production number or other unique identifying designation and be produced by Plaintiff in connection with this action.

11. Unless otherwise specified, the relevant time period for all requests shall be between April 1, 2014 and the present (the "Relevant Time Period").

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY any trade secret YOU contend to own that YOU contend was misappropriated by EVELOZCITY. To the extent YOU contend that YOUR ALLEGED TRADE SECRETS are reflected, referred to, embodied, and/or disclosed in any DOCUMENT or THING, YOUR response should IDENTIFY the DOCUMENT or THING separately for each ALLEGED TRADE SECRET, and the specific page number(s), pin cite(s), part(s), and/or portion(s) thereof that YOU contend reflect, refer to, embody, and/or disclose each ALLEGED TRADE SECRET.

**INTERROGATORY NO. 2:**

Separately, for each alleged trade secret asserted by YOU to have been misappropriated by EVELOZCITY, IDENTIFY all date(s) on which it was allegedly disclosed to EVELOZCITY, all means by which such alleged disclosure(s) occurred, the PERSON(S) at or associated with EVELOZCITY to whom the alleged disclosure(s) occurred, the PERSON(S) who made the alleged disclosure(s), and each and every DOCUMENT and/or COMMUNICATION containing or comprising such disclosure.

**INTERROGATORY NO. 3:**

Separately, for each ALLEGED TRADE SECRET asserted by YOU to have been misappropriated by EVELOZCITY, IDENTIFY the fact(s) and circumstance(s) surrounding its creation, development, and/or acquisition, including without limitation the person(s) who created, developed, or acquired the alleged trade secret, how and when the ALLEGED TRADE SECRET was created or acquired, any public or non-trade secret information included within the ALLEGED TRADE SECRET, the PERSON to whom the ALLEGED TRADE SECRET belongs (i.e., Faraday&Future, Inc., or some other PERSON), and any PERSON(S) licensed or otherwise authorized

1  to acquire, possess, disclose, commercialize, or otherwise use the ALLEGED TRADE
2  SECRET.
3  **INTERROGATORY NO. 4:**
4      Separately, for each alleged trade secret asserted by Plaintiff to have been
5  misappropriated by EVELOZCITY, IDENTIFY each ACCUSED
6  INSTRUMENTALITY, including a specific identification of where and how each
7  alleged trade secret (including each component, element, or aspect thereof) is found
8  within each ACCUSED INSTRUMENTALITY.  Your response to this Interrogatory
9  should be in the form of a chart or table organized by the ALLEGED TRADE
10 SECRET.
11 **INTERROGATORY NO. 5:**
12     Separately, for each alleged trade secret asserted by YOU to have been
13 misappropriated by EVELOZCITY, state the amount and nature of damages or any
14 other remedy to which YOU contend YOU are entitled and state the basis for that
15 contention, including by identifying all DOCUMENTS and THINGS supporting
16 YOUR contentions.  YOUR response to this Interrogatory should be organized
17 separately for each ALLEGED TRADE SECRET.
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: September 21, 2018 | Respectfully Submitted, |
| 2 | | |
| 3 | | KIRKLAND & ELLIS LLP |
| 4 | | By: /s/ |
| 5 | | Mark Holscher (SBN 139582) |
| | | mark.holscher@kirkland.com |
| 6 | | Diana M. Torres (SBN 162284) |
| 7 | | diana.torres@kirkland.com |
| | | Sierra Elizabeth (SBN 268133) |
| 8 | | sierra.elizabeth@kirkland.com |
| 9 | | Ashley Neglia (SBN 298924) |
| | | ashley.neglia@kirkland.com |
| 10 | | Benjamin Sadun (SBN 287533) |
| 11 | | benjamin.sadun@kirkland.com |
| | | Benjamin A. Yaghoubian (SBN 292318) |
| 12 | | benjamin.yaghoubian@kirkland.com |
| 13 | | 333 South Hope Street |
| | | Los Angeles, California 90071 |
| 14 | | Telephone: (213) 680-8400 |
| 15 | | Facsimile: (213) 680-8500 |
| 16 | | *Attorneys for EVelozcity Inc.* |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

-8-
Defendant's First Set of Interrogatories to Plaintiff

Exhibit A
Page 11

# PROOF OF SERVICE

I, Laura Bay, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Hope Street, Los Angeles, California 90071.

On September 21, 2018, the foregoing document was served on the interested parties in this action as follows:

☒ **By Personal Service**:
By causing a copy of the document to be personally served by hand to the person at the address set forth below:

☒ **By Email Courtesy Copy**:
By causing a copy of the document to be emailed to the person at the addresses set forth below:

Duane Lyons
duanelyons@quinnemanuel.com
Harry A. Olivar, Jr.
harryolivar@quinnemanuel.com
William C. Price
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: 650-801-5000
Facsimile: 650-801-5100

*Attorneys for Plaintiff Faraday&Future, Inc.*

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
David Perlson
davidperlson@quinnemanuel.com
James Judah
jamesjudah@quinnemanuel.com
Jocelyn Ma
jocelynma@quinnemanuel.com
qe-faraday@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

*Attorneys for Plaintiff Faraday&Future, Inc.*

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on September 21, 2018 at Los Angeles, California.

_____
Laura Bay