# EXHIBIT F

1 | [Counsel listed on signature page]

10 | **UNITED STATES DISTRICT COURT**
11 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| FARADAY&FUTURE INC., | CASE NO. 2:18-cv-00737-DMG |
| Plaintiff, | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |
| vs. | **JURY TRIAL DEMANDED** |
| EVELOZCITY, INC., | |
| Defendant. | |

Plaintiff Faraday&Future Inc. ("FF") and Defendant EVelozcity Inc. ("EVelozcity") jointly submit this Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Scheduling Meeting of Counsel (Dkt. 117).

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over FF's federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 *et seq.* and 28 U.S.C. §§ 1331 and 1343.

## II. MATTERS TO BE ADDRESS PURSUANT TO SCHEDULING ORDER

### A. Principle Issues in the Case

This case arises under the federal Defend Trade Secrets Act. The principal issues are:

- Whether FF has one or more protectable trade secrets at issue in this case;
- Whether FF has taken reasonable measures to keep secret its alleged trade secrets;
- Whether FF's alleged trade secrets are publicly known or otherwise a matter of general knowledge;
- Whether EVelozcity has misappropriated FF's alleged trade secret information;
- Whether EVelozcity has misappropriated FF's trade secret information intentionally, knowingly, willfully, maliciously, fraudulently, and oppressively;
- Whether FF has been harmed as a result of any alleged misappropriation;
- If FF has been harmed as a result of any alleged misappropriation, the amount of damages;
- Whether EVelozcity should be enjoined from continuing the alleged misappropriation of FF's trade secret information;

- Whether FF is entitled to an award of exemplary damages; and
- Whether attorneys' fees are justified for FF or EVelozcity.

### B. Amended Pleadings

At this time, the parties do not believe the pleadings are likely to be further amended.

### C. Issues that May Be Determined by Motion

**FF Statement:**

Based on the information presently available, FF is not aware of any issues that it believes are likely to be determined by motion.

This case was filed in district court and asserts a single claim under the Defend Trade Secrets Act. California state court procedural rules do not apply; and even if they did, section 2019.210 would not apply because it is limited to "any action alleging misappropriation of a trade secret under the Uniform Trade Secrets Act[.]" C.C.P. ¶ 2019.210. At the Rule 26 conference, EVelozcity cited the California Code of Civil Procedure, section 2019.210, to request that FF provide, outside of formal discovery, a "list of alleged trade secrets." Contrary to EVelozcity's representation to the Court, FF in no way agreed that section 2019.210 applies here. EVelozcity merely agreed to consider EVelozcity's request.

Later that same day, EVelozcity served on FF a First Set of Interrogatories. Interrogatory No. 1 asks FF to:

> IDENTIFY any trade secret YOU contend to own that YOU contend was misappropriated by EVELOZCITY. To the extent YOU contend that YOUR ALLEGED TRADE SECRETS are reflected, referred to, embodied, and/or disclosed in any DOCUMENT or THING, YOUR response should IDENTIFY the DOCUMENT or THING separately for each ALLEGED TRADE SECRET, and the specific page number(s), pin cite(s), part(s), and/or portion(s) thereof that YOU

contend reflect, refer to, embody, and/or disclose each ALLEGED TRADE SECRET.

FF's objections and response to this interrogatory are due on October 22, 2018. FF believes that discovery, including this interrogatory, is the proper forum for identifying and litigating any issues over the identification of FF's asserted trade secrets, as opposed to the inapplicable section 2019.210. Notably, none of the authorities cited by EVelzocity support its position that California state procedural law controls in a federal court DTSA action. All four of the cases cited by EVelozcity involved claims brought under **California's Uniform Trade Secret Act** – not, as here, claims exclusively brought under federal law.[1] Accordingly, they are all inapposite. Indeed, FF is not aware of any case applying 2019.210 to a federal district court case where, as here, only the DTSA is at issue. Instead of applying inapplicable state court law, FF believes it is more appropriate to follow the Federal Rules and provide interrogatory responses in the ordinary course (which are due ten days after the Rule 16 Scheduling Conference).

Finally, FF notes that will need any disclosure of its trade secrets to be under Protective Order. FF sent EVelozcity's current counsel a proposed Protective Order more than three months ago, on June 18, 2018, but to date EVelzocity has not agreed to that Protective Order or proposed any alternatives.

**EVelozcity Statement:**

---

[1] *See Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333, 1337 n. 2 (2009) ("Perlan's claim under the Uniform Trade Secrets Act, Civil Code section 3426 et seq."); *Computer Econs., Inc. v. Gartner Grp, Inc.*, 50 F. Supp. 2d 980, 984 (S.D. Cal. 1999) ("The complaint asserts state law claims sounding in trade secret misappropriation …"); *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-4910, 2012 WL 2203063, at *1 (N.D. Cal. June 14, 2012) (analyzing applicability of § 2019.210 "[w]hen questions of state law are raised in federal court"); *Waymo LLC v. Uber Techs., Inc.*, No. C 17-939, 2017 WL 5000352, at *3 (N.D. Cal. Nov. 2, 2017) (noting claims under "[b]oth the California Uniform Trade Secrets Act and the federal Defend Trade Secrets Act").

1    FF has sought discovery before identifying its alleged trade secrets in this case. During the parties' September 21, 2018 Rule 26(f) conference, counsel discussed the importance of an early identification of alleged trade secrets in order to streamline discovery in this case. Counsel for FF acknowledged that, notwithstanding the parties' apparent dispute regarding the applicability of Cal. Code Civ. P. § 2019.210, ***FF should provide its trade secret identification early in discovery*** and that providing the list at the same time as initial disclosures (on October 5th) made sense. Despite FF's representation to the contrary, EVelozcity did not expressly rely on Cal. Code Civ. P. § 2019.210 during the parties' meet and confer. Rather, EVelozcity's position is that an identification of alleged trade secrets will streamline discovery in this case. Nevertheless, despite the parties' discussion during the meet and confer, and in an abundance of caution, EVelozcity also requested this information in the form of an interrogatory. On September 28, 2018, FF abruptly took the contrary position above that it would only identify its alleged trade secrets in response to EVelozcity's interrogatory.

FF's new position above contradicts its earlier representations and flouts established state and federal authorities that underscore the importance of requiring trade secret claimants to identify their alleged trade secrets with reasonable particularity before seeking discovery from the defendant. *See, e.g.*, *Computer Econs., Inc. v. Gartner Grp, Inc.*, 50 F. Supp. 2d 980, 984 (S.D. Cal. 1999); *Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333, 1343, 1349 (2009). Consistent with their case management responsibility, DTSA courts also require trade secrets to be identified with reasonable particularity before discovery may be taken; "[o]therwise trade-secret plaintiffs are liable to get into the accused files and conveniently assert that contents therein were trade secrets stolen from them." *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 5000352, at *7-*9 (N.D. Cal. Nov. 2, 2017). Indeed, "[s]ection 2019.210 does not conflict with any [FRCP] but rather assists the court and parties in defining the appropriate scope of discovery." *Soc.*

*Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012). Furthermore, EVelozcity is actively working on a protective order for the parties and agrees to treat a list of asserted trade secrets—should FF provide one—as "Highly Confidential — Outside Attorneys' Eyes Only," pending the entry of an appropriate protective order. Therefore, any delay past October 5, 2018 in identifying FF's alleged trade secrets is unjustified.

### III. MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(F)(3)

#### A. The Timing and Form of Initial Disclosures

The Parties agree that Initial Disclosures shall be served by no later than October 5, 2018.

#### B. Discovery Subjects and Limitations

##### 1. Phases and Limitations

The parties agree that discovery should not be conducted in phases or be limited to or focused upon particular issues, except for the respective deadlines for fact and expert discovery identified below. At present, beyond the other proposals within this Report, the parties seek no modification of the federal discovery rules.

##### 2. Discovery Subjects

**FF Statement:**

The general subjects on which discovery may be needed by FF include, but are not limited to:

- EVelozcity's acquisition, disclosure, and use of FF trade secret materials;
- EVelozcity's knowledge and encouragement of the activities of its employees who are former FF employees, including but not limited to the downloading and/or copying, of FF's trade secret materials and subsequent disclosure of these materials to EVelozcity;
- EVelozcity's formation, structure, and ownership;

- EVelozcity's design, development, testing and operation of variable platform architecture ("VPA"), battery, power-train, safety-feature, autonomous driving, and internet of vehicles ("IoV") technologies.
- damages and harm caused by EVelozcity's trade secret misappropriation.

**EVelozcity Statement:**

The general subjects on which discovery may be needed by EVelozcity include, but are not limited to:

- FF's creation, conception, acquisition, development, ownership, and/or marketing of the alleged trade secrets in this case;
- Whether FF has taken reasonable measures to protect the secrecy of its alleged trade secrets;
- Public and/or general knowledge of FF's alleged trade secrets, as well as FF's knowledge of the same;
- FF's financial practices, including the costs, revenues, and/or profits associated with each alleged trade secret;
- FF's licensing and sale of its alleged trade secrets, including any products or technologies that embody the alleged trade secrets;
- FF's basis, if any, to contend that EVelozcity has disclosed or used without consent FF's alleged trade secrets;
- FF's formation, structure, and ownership;
- FF's alleged damages;
- FF's attempts to mitigate any alleged harm or damages.

### 3. When Discovery Should Be Completed

The parties' proposed deadlines for the completion of discovery is set forth in the [Proposed] Case Schedule below.

### C. Evidence Preservation

**FF Statement:**

FF has reason to believe that EVelozcity has failed to preserve certain electronically stored information and reserves all rights with respect to the same.

FF anticipates that the parties may enter into a stipulated agreement governing discovery of electronically stored information.

**EVelozcity Statement:**

EVelozcity has reason to believe that FF has failed to preserve certain electronically stored information and reserves all rights with respect to the same.

D. **Issues Regarding Claims of Privilege**

The parties do not anticipate at this time any unusual issues regarding privilege or protection of trial-preparation materials. If privileged material is inadvertently produced, the party in receipt of such material should promptly return it and privilege should not be considered waived. The parties anticipate that they may set forth additional provisions regarding the inadvertent production of privileged information in a Stipulated Protective Order, to be submitted to the Magistrate Judge for approval.

E. **Proposed Limitations or Modifications of the Discovery Rules**

The parties agree on the following modifications to the Federal Rules of Civil Procedure:

- Privilege logs need not include documents authored following the filing of the Complaint in the first instance; however, each party reserves the right to request that the other party log one or more categories of documents authored following the filing of the Complaint should a basis arise for such a request.

- Each side may serve up to 50 non-authentication requests for admission and unlimited authentication and/or admissibility requests for admission.

- Each side may serve up to 30 written interrogatories.

Any party may later move to modify these limitations for good cause.

The parties disagree regarding the following matters:

**FF Statement:**

FF proposes the following modification to the Federal Rules of Civil Procedure:

- Each side may take up to 15 depositions.

FF further proposes that any party may later move to modify this limitation either by agreement of the parties or for good cause.

**EVelozcity Statement:**

EVelozcity respectfully requests that the ten-deposition limit imposed by Federal Rule of Civil Procedure 30 be enforced in this case, absent agreement of the parties or a motion to modify this limitation upon good cause shown.

### F. Other Discovery Orders

The parties anticipate they will enter into, and will request the issuance of, a stipulated Protective Order to protect the confidentiality of, and to prohibit the unauthorized use of, any trade secret or confidential information that may be required to be disclosed during discovery.

The parties also anticipate that they may enter into a stipulated agreement governing discovery of electronically stored information that would be submitted to the Court for approval.

The parties propose the following stipulation:

- Counsel need not preserve drafts or outlines of expert reports (partial or complete), notes, and other evidence of communications with experts on the subject of the expert's actual or potential testimony. Further, the parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, or drafts of expert reports. Discovery of materials provided to testifying experts shall be limited to those materials, facts,

consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify except as expressly provided in the preceding sentence. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. This agreement applies to all such items regardless of whether they are in paper or electronic form.

At this time, the parties do not believe that any additional orders are necessary with respect to this topic.

## IV. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULES 16-15.4 AND 26-1

### A. Complex Cases

The parties agree that, while this case will likely include technological issues, the procedures for the Manual for Complex Litigation are unnecessary at this time.

### B. Motion Schedule

The parties' proposed deadlines for hearing dispositive motions is set forth in the [Proposed] Case Schedule below.

**FF Statement:**

FF believes that, until it has had an opportunity to conduct and complete discovery, it is difficult to evaluate the propriety of dispositive motions or the issues that it may raise in such motions.

**EVelozcity Statement:**

EVelozcity expects that dispositive motions may streamline the resolution of this action.

### C. ADR

The parties agree that ADR Procedure No. 3, a private dispute resolution proceeding, is appropriate in this case.

### D. Trial Estimate

Based on the information presently available, the parties propose a trial date of November 5, 2019. The parties anticipate that the trial will last ten to fifteen days.

### E. Additional Parties

Based on the information presently available, the parties do not anticipate additional parties will appear in this case.

### F. Expert Witnesses

The parties agree to the disclosure of expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order. The proposed deadline for disclosing expert testimony is set forth in the table below.

### G. [Proposed] Case Schedule

| **Deadline** | **FF Proposed Date** | **EVelozcity Proposed Date (if different)** |
|---|---|---|
| Initial disclosures due | October 5, 2018 | |
| FF to Identify Alleged Trade Secrets with Reasonable Particularity | N/A | October 5, 2018 |
| Amended pleading cutoff | January 10, 2019 | |
| Fact discovery cutoff | June 14, 2019 | |
| Motion cutoff | June 14, 2019 | |
| Expert reports/disclosures due | June 21, 2019 | |

| | | |
|---|---|---|
| Expert rebuttal reports due | July 19, 2019 | |
| Expert discovery cutoff | August 1, 2019 | |
| Deadline to file dispositive Motions | August 23, 2019 | |
| Deadline to file Expert Motions | August 23, 2019 | |
| ADR pursuant to LR 16-15.4 | September 10, 2019 | |
| Proposed Pretrial Conference Order | September 17, 2019 | |
| Contentions of fact/law | September 17, 2019 | |
| Pretrial Exhibit Stipulation | September 17, 2019 | |
| Joint Exhibit List | September 17, 2019 | |
| Motion in Limine Filing Deadline | September 17, 2019 | |
| Oppositions to dispositive Motions | September 20, 2019 | |
| Oppositions to Expert Motions | September 20, 2019 | |
| Opposition to Motion in Limine | September 24, 2019 | |
| Joint Status Report re Settlement | September 24, 2019 | |

| | | |
|---|---|---|
| Witness Lists, Joint Trial Witness Times, & Deposition Designations | October 4, 2019 | |
| Agreed Statement of the Case | October 4, 2019 | |
| Proposed Voir Dire Questions | October 4, 2019 | |
| Joint Jury Instructions & Disputed Instructions | October 4, 2019 | |
| Verdict Forms | October 4, 2019 | |
| Final pretrial conference and Hearing on Dispositive and Expert Motions | October 8, 2019 | |
| Deposition Counterdesignations | October 16, 2019 | |
| Proposed trial date | November 5, 2019 | |

| | | |
|---|---|---|
| 1 | DATED: September 28, 2018 | Respectfully submitted, |
| 2 | | |
| 3 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | | |
| 5 | | |
| 6 | | By     /s/ *David A. Perlson* |
| 7 | | David A. Perlson |
| | | *Attorneys for Plaintiff Faraday&Future Inc.* |
| 8 | | |
| 9 | | |
| 10 | DATED: September 28, 2018 | Respectfully submitted, |
| 11 | | |
| 12 | | KIRKLAND & ELLIS |
| 13 | | |
| 14 | | |
| 15 | | By     /s/ *Tammy A. Tsoumas* |
| | | KIRKLAND & ELLIS LLP |
| 16 | | Mark Holscher |
| 17 | | Diana Torres |
| | | Tammy A. Tsoumas |
| 18 | | Sierra Elizabeth |
| 19 | | 333 South Hope Street |
| | | Los Angeles, CA 90071 |
| 20 | | *Attorneys for Defendant EVelozcity Inc.* |

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from Tammy A. Tsoumas.

DATED: September 28, 2018

By     /s/ *David A. Perlson*
        David A. Perlson

| | |
|---|---|
| 1 | Judge Dolly M. Gee |
| 2 | **SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET** |
| 3 | Case No.        Case |
| 4 | 2:18-cv-00737-DMG Name: Faraday&future v. Evelozcity |

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| TRIAL [ ] Court [✓] Jury<br>Duration Estimate: 10 to 15 days | November 5, 2019<br>(Tuesday) | 8:30 a.m. |
| FINAL PRETRIAL CONFERENCE ("FPTC")<br>4 wks before trial | October 8, 2019<br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | January 10, 2019 |
| Non–Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | June 14, 2019 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | June 14, 2019 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | June 21, 2019 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | July 19, 2019 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | August 1, 2019 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | September 10, 2019 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | September 17, 2019 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | September 24, 2019 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | |

**EXHIBIT A**